In the Matter of the Application of ROBERT A. BRECKEN-RIDGE, Appellant, for a Writ of Mandamus against JOHN J. SCANNELL, as Fire Commissioner of the Fire Department of the City of New York, Respondent.

1. VETERANS — POSITION OF CONFIDENTIAL EXAMINER IN BUREAU OF FIRE MARSHAL, NEW YORK CITY. *It seems*, that the position of "confidential examiner" in the bureau of the fire marshal, in the city of New York, if originally confidential, had ceased to be of that confidential nature which would exempt it from the operation of the Municipal Veteran Act of 1898 (Ch. 184), when the position was abolished and the incumbent discharged in June, 1898.

2. MUNICIPAL VETERAN ACT — EXISTENCE OF VACANCY ESSENTIAL TO RETENTION AND TRANSFER OF VETERAN ON ABOLITION OF POSITION. The provision of the act of 1898, that, in cities of the first class, if a position held by a veteran shall become unnecessary, or be abolished for reasons of economy, he shall not be discharged, but shall be "transferred to any branch of the public service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," contemplates, for its operation, the existence of a vacancy in such a position, and not that a vacancy be created for the veteran.

*People ex rel. Breckenridge* v. *Scannell*, 40 App. Div. 633, affirmed.

(Argued June 7, 1899; decided October 3, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 27, 1899, affirming an order of Special Term denying a motion for a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinions

*M. G. Holstein* and *Charles A. Hess* for appellant. Chapter 184 of the Laws of 1898 applies to the city of New York, and veterans in the employ of that municipality when the amendment was enacted are entitled to its benefits. (*People ex rel.* v. *Dalton*, 158 N. Y. 175 ; *People ex rel.* v. *Dalton*, 158 N. Y. 204.) The appellant did not hold a strictly confidential relation to the fire commissioner. (L. 1897, ch. 378, § 779 ; *People ex rel.* v. *Gray*, 32 App. Div. 458; L. 1896, ch. 821; L. 1892, ch. 577 ; *People ex rel.* v. *Tobey*, 153 N. Y. 381; *People ex rel.* v. *O'Brien*, 9 App. Div. 428 ; *People ex rel.* v. *Sutton*, 88 Hun, 173.) The contention that the position held by the respondent has been abolished and that there is, therefore, no existing vacancy in the department to which the appellant may be assigned for duty is untenable. (L. 1897, ch. 378, § 127.) Chapter 184 of the Laws of 1898 secures to veterans employed in the public service when the act was passed an absolute immunity from summary dismissal. (*People ex rel.* v. *Scannell*, 21 N. Y. Law Jour. 55.)

*John Whalen*, Corporation Counsel (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. The order sought to be reviewed is not appealable to this court. (*People ex rel.* v. *Van Wyck*, 157 N. Y. 495 ; *People ex rel.* v. *Jeroloman*, 139 N. Y. 14 ; *People ex rel.* v. *Board of Education*, 158 N. Y. 125 ; *People ex rel.* v. *City of Syracuse*, 88 Hun, 203 ; *People ex rel.* v. *Devermann*, 83 Hun, 181 ; *People ex rel.* v. *Lumb*, 6 App. Div. 26.) Where, upon a motion for a mandamus, opposing affidavits are read which are in conflict with the averments in the affidavits of the relator, and notwithstanding this the relator demands a peremptory writ, it is equivalent to a demurrer, and the question as to the right to

the writ must be determined upon the assumption that the averments of the opposing affidavits are true. (*Matter of Haebler* v. *N. Y. P. Exchange*, 149 N. Y. 414 ; *People ex rel.* v. *Mayor, etc.*, 149 N. Y. 215 ; *People ex rel.* v. *Brush*, 146 N. Y. 60 ; *People ex rel.* v. *Brookfield*, 6 App. Div. 398 ; *People ex rel.* v. *Cruger*, 12 App. Div. 536 ; *People ex rel.* v. *Gardiner*, 157 N. Y. 520.) No power is vested in the defendant under the statute in question to transfer the petitioner to any other branch of the public service. (L. 1898, ch. 184.) Another reason why the act in question has no application is that a position such as the petitioner held is expressly excluded from its operation. (L. 1898, ch. 184 ; *People ex rel.* v. *Lyman*, 157 N. Y. 385 ; *Matter of Ostrander*, 12 Misc. Rep. 476 ; 146 N. Y. 404 ; *People ex rel.* v. *Palmer*, 152 N. Y. 217 ; *People ex rel.* v. *Gardiner*, 157 N. Y. 520.) Section 127 of the charter does not aid the relator. (*People ex rel.* v. *Van Wyck*, 157 N. Y. 495.)

GRAY, J. The relator applied for a peremptory writ of mandamus, to be directed to John J. Scannell, as fire commissioner of the city of New York, and commanding him to reinstate the relator as confidential examiner in the fire marshal's bureau ; or to assign him to serve as an assistant fire marshal ; or to assign him to some position in the fire department, which he may be fitted to fill, upon the same compensation as he has heretofore received. This application was based upon the following allegations of facts. He was an honorably discharged veteran of the late civil war and, in 1895, was appointed by the then board of fire commissioners to be a confidential examiner in the bureau of the fire marshal, in the fire department of the city of New York. Upon the creation of the present corporation of the city of New York, the relator continued in his office under the respondent, Scannell ; who, as fire commissioner, succeeded to the powers and duties of the former board of fire commissioners. In June, 1898, the position of confidential examiner was abolished ; the relator was notified that his services as such

were no longer required and he was, therefore, discharged. He, thereupon, demanded of the respondent, as a veteran, etc., " to be appointed to a position in the department, with equal compensation as the place abolished." Not succeeding in his demand, he commenced this proceeding. He sets forth in his petition, as its ground, the provisions of chapter 184 of the Laws of 1898, to the effect that in cities of the first class, if the position held by any honorably discharged soldier or sailor, etc., shall become unnecessary, or abolished for reasons of economy, or otherwise, he " shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." The relator, further, avers what were his duties as confidential examiner and that they brought him in contact only with the fire marshal; that the abolition of his office was only nominal and that its duties are, substantially, in fact, performed by an appointee of the respondent called the " temporary assistant fire marshal " and that " there are many positions in the public service to which your petitioner might be assigned by the respondent."

The respondent, Scannell, in his affidavit, in answer to the relator's petition, avers that the position of confidential examiner was abolished and the relator was discharged, " in good faith, as a matter of economy and the duties heretofore performed by the incumbent distributed among the assistant fire marshals then holding office," and he denies that the relator's duties are being performed by an appointee under the name of " Temporary Assistant Fire Marshal." He alleges that " there is no position in the fire department to which the petitioner could be transferred, for the reasons that there are no vacant positions in the said department, the incumbents of which would be entitled to receive the same compensation as that received by the petitioner, nor are there any vacancies whatever." He denies that the dismissal from, and the abolition of, the office were wrongful, and states that they were proper, as the position had become unnecessary since January

1st, 1898, by reason of its duties being transferred to the assistant fire marshals. He alleges, further, that the particular duties, which the relator had been performing, could be performed by the other officials; that there was nothing for the relator to do and that the position, therefore, was abolished " solely for reasons of economy." At the Special Term, the relator's application was denied " with leave to apply for an alternative writ, if he desires to contest the allegation of the fire commissioner as to good faith and as to existing vacancies in the department."

The Appellate Division affirmed that determination and petitioner now appeals to this court.

So far as the question is raised as to the position held by the relator being of that confidential nature, which would exempt it from the operation of the provisions of chapter 184 of the Laws of 1898, upon which the application for reinstatement is rested, I concede that we may consider it as disposed of upon the showing of the respondent's affidavit. If the position was originally confidential, it had ceased to be so. I think, however, that there are other objections, which were fatal to the granting of the relator's application.

The act of 1898, in providing that a veteran shall not be discharged from the public service, if his position shall become unnecessary, or abolished for reasons of economy, requires that he be " transferred to any branch of the public service for duty in such position as he may be fitted to fill, receiving the same compensation therefor." Upon this record we must take the material statements of the respondent, in answer to the allegations of the relator's petition, to be true. The relator chose to rest his right to a peremptory writ upon the case as made by his petition and the opposing affidavit of the commissioner, and he refused to avail himself of the privilege to take an alternative writ and, thereunder, to contest the truth of the respondent's statements. As to any disputed questions of fact, therefore, the answering affidavit of the respondent is conclusive. (*In re Haebler* v. *N. Y. Prod. Exchange*, 149 N. Y. 414.)

That the respondent acted in good faith in abolishing the position and in discharging the incumbent, and that there were no vacancies in his department to which the petitioner might be transferred, must be regarded as the truth in this controversy. It is not easy, then, to see how the petitioner was entitled to the peremptory writ commanding the respondent to do something, which, upon the record, he appeared to be under no obligation to do. If the petitioner demands that he be transferred to some branch of the public service other than that of the fire department, manifestly, the respondent cannot comply with it. But, if he demands that he be retained by the respondent to perform similar duties, he has failed to show that any position exists, which he might fill, and where the compensation is the same. Indeed, his counsel puts his case for him very frankly, when he says "the respondent is bound to make a place for the appellant, even if it should be necessary to dismiss from the service others, who are not protected under the veteran acts." That is a view, which I think we should not take of this act. I do not think we should impute to the legislature the absurdity of intending to saddle an unnecessary officeholder upon the city ; or the injustice of intending that some faithful and, possibly, more efficient officer, who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office. The legislative intent was to secure the retention in the public service of the veteran, who is thrown out of office by its abolition, " in such position as he may be fitted to fill, receiving the same compensation therefor ; " which seems, necessarily, to imply that a vacancy in such a position must exist. The provision is, on its face, very broad and seems to afford considerable latitude in an application for appointment in a new position. The municipality itself appears to be laid under the obligation to retain the applicant. In the present case, however, the attempt is to compel the head of the fire department to appoint the relator to some other position in the department, with the same salary as that attached to the abolished office. Either one of two objections would seem to be

sound, in answer.   If the duty was imposed by the law upon the respondent to transfer the petitioner to another position and he has neglected, or refused, to perform that duty, the burden would seem to be upon the petitioner to establish the respondent's failure, by showing that a position did exist and that he is fitted to fill it.   The affirmative is upon him.   But he does nothing of the kind.   He does not show that there is any position vacant, which he is qualified to assume the duties of, or where the same compensation is paid to the incumbent. If the burden be, however, regarded as placed upon the respondent, by force of the language of the act, to establish that there is no position, to which he might transfer the petitioner, and that he cannot perform the duty imposed by the law, then he has done so, as far as he is able.   He met the petitioner's allegations by the statements in his affidavit. The petitioner would not avail himself of the permission to try out the issues by proceeding upon an alternative writ of mandamus and the averments of the respondent's affidavit must be accepted.

It is quite evident that the petitioner has relied wholly, in this matter, upon his construction of the act, that it applies to his case and has vested him with the unqualified right to be retained in the service ; whether a position was vacant, which he might be fitted to fill, or not.   I cannot assent to such a proposition.   I do not think that it is the case of a plain, imperious legislative mandate, which the court must compel the execution of, whether deemed unwise, or not.   The law is capable of a reasonable and perfectly fair construction ; under which the veteran, who loses his office through its abolition, is not to be discharged from the public service, if there is in any branch of that service a position, with equal emolument, which he is qualified to fill.   He ought not, in justice, to demand, or to be allowed, more than that.

The position of the appellant is neither logical, nor reasonable.   The provisions of this law are incompetent to accomplish the purpose he attributes to them.   Their beneficent scope cannot be enlarged to accomplish a purpose, which

would work injustice, either to the municipality, in saddling upon it unnecessary officials, or to persons in office, whose only cause for removal would be that their places were wanted for veterans.

I think the order appealed from should be affirmed, with costs.

BARTLETT, J. (dissenting). The relator is a veteran of the late civil war and in December, 1895, was appointed to the position of confidential examiner in the bureau of the fire marshal of the old city of New York.

Under the charter of the present city of New York the duties of the former board of fire commissioners were vested in a single official known as fire commissioner.

The relator continued in the same position in the bureau of the fire marshal in the borough of Manhattan in the present city of New York when it came into existence January 1, 1898.

On the 21st day of June, 1898, the relator received a copy of Special Order No. 97, which reads as follows : " The position of confidential examiner, bureau of fire marshal in this department, borough of Manhattan, is hereby abolished from four o'clock this P. M., and the services of Robert A. Breckenridge the incumbent thereof no longer required." (Signed by the fire commissioner.)

Relator also at the same time received from the secretary of the fire commissioner a letter, dated June 21, 1898, reading as follows : " You are hereby notified by direction of the commissioner that the position occupied by you as confidential examiner in said bureau has been abolished, to take effect from and after this date, and your services as such examiner in said bureau being no longer required you are hereby discharged."

On the 11th of June, 1898, ten days before his discharge, the relator notified the fire commissioner in writing that he was a veteran and had been honorably discharged from the United States army.

On the 22d day of June, 1898, the day after his discharge, the relator addressed to the fire commissioner this communication : " Yours S. O. No. 97, dated June 21, 1898, abolishing ' the position of confidential examiner, bureau of fire marshal in this department, borough of Manhattan,' and dispensing with my services, is received. Under the provisions of section 1, chapter 184, Laws of 1898, being a veteran, I demand to be appointed to a position in the department with equal compensation as the place abolished."

As the request was not complied with, the relator instituted this proceeding, praying for a peremptory or alternative writ of mandamus as might be proper, and that he be assigned to some position in the department which he might be fitted to fill upon the same compensation as he had theretofore received as by law required.

In his petition the relator alleged that his duties as a confidential examiner in the bureau of fire marshal consisted until on or about the first day of January, 1898, in assisting the fire marshal to investigate the origin of fires and to procure testimony against incendiaries, and after the first day of January, 1898, and until his dismissal, he was engaged in the examination and inspection, as provided by section 780 of the Greater New York charter, of all heating apparatus and other parts of buildings dangerous in causing or promoting fires.

The answering affidavit served by respondent alleges " that said position was unnecessary and had been such since January 1, 1898, when the duties previously performed by the petitioner were transferred to the assistant fire marshals ; since said time petitioner has been performing the duties of an inspector while receiving the salary of a confidential examiner."

Attention is called to this admission of the allegation of the petition in regard to the change of duties, as it disposes of the defendant's point that the relator's position was confidential, and consequently not protected by the Veteran's Act.

That act provides (being chapter 184, Laws of 1898) as follows : " No person holding a position by appointment in any city or county of this state   *   *   *   receiving a salary

from such city or county, who is an honorably discharged soldier, sailor or marine, having served as such in the Union army or navy during the rebellion, * * * and who shall not have served in the confederate army or navy, * * * shall be removed from such position except for cause shown after hearing had ; and in cities of the first class, if the position so held by any such honorably discharged soldier, sailor or marine * * * shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine * * * shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor."

This statute also provides : " Nothing in this act shall be construed to apply to the position of private secretary or chief clerk or deputy of any official or department, or to any other person holding a strictly confidential relation to the appointing officer."

One of the points made by the respondent is that the relator's position was confidential and came within the exception just quoted.

It is quite possible that the original duties of the relator, performed by him prior to the first day of January, 1898, in investigating the origin of fires and procuring testimony against incendiaries were of a strictly confidential character ; but the change in his duties, which took place on and after January 1st, 1898, as before pointed out, where he was called upon to simply examine heating apparatus and other parts of buildings dangerous in causing or promoting fires, radically changed the nature of his employment and rendered it very clearly non-confidential.

It, therefore, remains to consider relator's rights under the statute of 1898, already quoted.

The respondent insists that as this was a motion where the relator demanded a peremptory writ of mandamus, all the averments of the opposing affidavits must be taken as true.

This is undoubtedly the rule, and the opposing affidavits will be deemed admitted.

The issues are somewhat narrowed owing to the position assumed by the counsel for the relator on the argument.

The defendant insists that the relator was bound to take his alternative writ and go to trial upon the contested facts, to wit, the good faith of the removal, as the petition had alleged that the defendant had acted colorably and only with a desire to compass the discharge of the relator. The answering affidavit denied this allegation.

The relator's argument in answer to this suggestion is that the facts put in issue by the pleadings are immaterial, for if his position was not of a confidential nature, he is entitled, as matter of right, to be retained in the service of the municipality by virtue of the statute of 1898.

It will be observed that the statute is mandatory in its language, and provides that if the position held by the veteran shall become unnecessary, or be abolished for reasons of economy or otherwise, *he shall not be discharged* from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor.

It is urged by the defendant that there is no position open for the relator in his department, and that he has no authority to transfer him into any other department of the city government.

It is further insisted by defendant that it is a conclusive answer to the application of the petitioner that he does not show that there was any vacant position in the fire department which he is fitted to fill.

This burden of proof does not rest upon the relator, as the statute of 1898 commands that he shall not be discharged, but shall be transferred.

To hold otherwise is not only to write into the statute a condition not placed there by the legislature, but to impose upon the relator a burden of proof impossible to sustain.

The relator occupies the position of a discharged employee

with every door of the municipal departments closed against him, so far as the management and necessities of those business subdivisions of the city are concerned. It may be reasonably assumed that as a party engaged in a litigation against the city all information would be denied him, but if answers were made to his inquiries, is he to stand or fall as they may be favorable or unfavorable?

If the statute of 1898 is subject to such a construction it will afford little aid to those it was designed to protect.

It may be asked, how is this statute to be obeyed, what is the duty imposed upon municipal officers in the premises?

The command of the statute is absolute and unqualified, to the effect that members of a certain favored class shall not be discharged, but transferred, and it would seem as if this mandate is to be obeyed even if a vacancy must be created for the purpose.

It is not for the court to determine whether such legislation is wise or unwise; it is its duty to enforce the law as written.

I think the discharge of the relator was illegal.

The order appealed from should be reversed.

PARKER, Ch. J., O'BRIEN, HAIGHT and VANN, JJ., concur with GRAY, J., for affirmance. MARTIN, J., concurs with BARTLETT, J., for reversal.

Order affirmed.