·PEOPLE ex rel. CHAPPEL v. LINDENTHAL, Bridge Com'r.

(Supreme Court, Appellate Division, Second Department. January 9, 1903.)

**1. PEREMPTORY MANDAMUS—ISSUANCE.**

Under Code Civ. Proc. § 2070, providing that a peremptory writ of mandamus may be issued in the first instance where the applicant's right to the writ depends only on questions of law, etc., the special term of the supreme court had power to grant a municipal employé a peremptory writ of mandamus to compel his reinstatement in his former position in the first instance, where the answer of the respondent raised no issue of fact.

**2. MUNICIPAL CORPORATIONS—OFFICERS—REMOVAL—VETERAN FIREMAN—REINSTATEMENT.**

Under Laws 1899, c. 370, § 21, providing that no person holding a position of appointment or employment in the city of New York, who shall have served the term required by law in a volunteer fire department in the state, shall be removed from such position except for incompetency or misconduct on stated charges, a bridge tender employed by the department of bridges in the city of New York, who was a veteran fireman under such section, could not be discharged without notice or hearing, though the bridge at which he had been previously stationed had been abandoned, where the position of bridge tender had not been abolished, and it was not shown that there were no other similar positions or places at other bridges in which he could be employed.

Appeal from special term.

Application by the people, on the relation of Robert Chappel, for a peremptory writ of mandamus to Gustav Lindenthal, as commissioner of bridges of the city of New York, to reinstate relator in his former position as bridge tender. From an order directing the issuance of a peremptory writ, respondent appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James McKeen (Walter S. Brewster, on the brief), for appellant.
George L. Glaser, for respondent.

WOODWARD, J. The relator, Robert Chappel, moved at special term for a peremptory writ of mandamus to compel the respondent to reinstate him in his former position as a bridge tender. The answer of the respondent raises no issue of fact, and under the provisions of section 2070 of the Code of Civil Procedure the court had authority to issue the writ, and upon this appeal we discover no reason for reversing the order. Section 21 of chapter 370 of the Laws of 1899 provides that—

"No person holding a position by appointment or employment in the state of New York or in the several cities, counties, towns or villages thereof, * * * who shall have served the term required by law in the volunteer fire department of any city, town or village in the state * * * shall be removed from such position or employment, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges and with the right to such employee or appointee to a review by a writ of certiorari."

The relator alleged the facts necessary to bring him within the provisions of the statute, the validity of which, in so far as it affects volunteer firemen, not being questioned, and, in the absence of a denial of the facts alleged, the relator is clearly entitled to the relief demanded.

We agree with the learned court at special term that the case at bar is within the principles and reasoning applied in Stutzbach v. Coler, 168 N. Y. 416, 61 N. E. 697, and that it is distinguishable from In re Breckenridge, 160 N. Y. 103, 54 N. E. 670. In the latter case the office was alleged to have been abolished in good faith on the part of the respondent, and, as the relator elected to stand upon the question of law rather than controvert the matter pleaded in defense, the question was treated from this standpoint. The court say:

"I do not think we should impute to the legislature the absurdity of intending to saddle an unnecessary officeholder upon the city, or the injustice of intending that some faithful, and, possibly, more efficient officer, who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office."

In the case at bar the relator alleges that the office or position of bridge tender has not been abolished, and that others, not veterans, have been retained in the like positions, while he has been discharged. This allegation is not denied, except that the defendant alleges that there is no work to be done at the Grand street bridge, where the relator was formerly employed. This does not go to the extent of denying that there is similar work to be done at other places within the jurisdiction of the department of bridges. We are of opinion that the mere fact that the Grand street bridge has been abandoned does not operate to abolish the office or position of bridge tender in the department, so that the relator may be denied employment, while others, not within the protection of the statute, are permitted to hold similar places at other bridges. If the office or position of bridge tender in the department had been abolished in good faith, it would then be incumbent on the relator to show that there was some other position of equal emoluments which he might fill, but under the circumstances of this case he has established that the office or position has not been abolished, and that others are retained, while he, a veteran fireman, has been dismissed. Under the statute he is, therefore, entitled to the peremptory writ.

The order appealed from should be affirmed, with costs. All concur.