EDKINS v. WOTHERSPOON, State Superintendent of Public Works.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

1. STATES ⊂⊃53—EMPLOYÉS—ABOLITION OF POSITION.
   Where three men held positions as reservoir tenders, the discharge by the superintendent of public works of one of the men *held* an abolition of one of these positions, where the two men retained are set to do the work formerly done by the three, and the rearrangement results in a saving of $300 a year.

   [Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 58; Dec. Dig. ⊂⊃53.]

2. STATES ⊂⊃53—EMPLOYÉS—ABOLITION OF POSITION.
   Every public official has an inherent right, and a right under Civil Service Law (Consol. Laws, c. 7) § 22, to abolish positions for reasons of economy; and it is the duty of an official to abolish superfluous positions in his department.

   [Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 58; Dec. Dig. ⊂⊃53.]

3. STATES ⊂⊃53—EMPLOYÉS—ABOLITION OF POSITION.
   Under the Civil Service Law the superintendent of public works is not required to continue a useless position because the incumbent is a veteran fireman, nor to sacrifice positions held by other persons in order to save the position held by the fireman.

   [Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 58; Dec. Dig. ⊂⊃53.]

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. MANDAMUS ⬤168(2)—ABOLITION OF POSITION—EVIDENCE.

    Under Civil Service Law, § 22, a veteran fireman, whose position is abolished and who brings mandamus to be transferred to a similar position, has the burden of showing that a vacancy exists which he is fitted to fill.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 372; Dec. Dig. ⬤168(2).]

5. STATES ⬤53—EMPLOYÉS—TRANSFER—OPENING.

    Under Civil Service Law, § 22, providing that, if a position held by a veteran fireman is abolished, he shall be transferred to another position, the superintendent of public works is not required in such event to discharge other persons in order to make a place for such fireman.

    [Ed. Note.—For other cases, see States, Cent. Dig. §§ 43, 58; Dec. Dig. ⬤53.]

Appeal from Special Term, Madison County.

Application for mandamus by Charles Edkins against W. W. Wotherspoon, as Superintendent of Public Works of the State of New York. From an order of the Special Term, denying the application, applicant appeals. Affirmed.

The application is for a writ of mandamus to restore applicant to the position of reservoir tender, or to some other similar position which he was competent to fill, upon the ground that he was an exempt fireman, under section 22 of the Civil Service Law.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

M. J. White, of Mt. Vernon (Walter S. Archibald, of Albany, of counsel), for appellant.

Egburt E. Woodbury, Atty. Gen. (James S. Y. Ivins, Deputy Atty. Gen., of counsel), for respondent.

HOWARD, J. Prior to April 13, 1915, the relator and two other men were holding positions as tenders of certain reservoirs owned by the state in Madison county. On that date the superintendent of public works abolished one of those positions, discharged one of the men in consequence thereof, and put the work of the three men upon the remaining two. The relator, who was a veteran fireman, was the person discharged. He claims that he was discharged for political reasons, in violation of section 22 of the Civil Service Law, and asks for a writ of mandamus commanding, either that he be reinstated, or that he be transferred to a similar position. The Special Term has denied his application for either a peremptory or an alternative writ.

[1] On this appeal the request for an alternative writ is not pressed, the relator contending that, under the facts disclosed by the record, the position previously held by the relator has not been abolished, but has been maintained and filled by one of the other reservoir tenders. The relator admits that the rearrangement—that is, the retention of two men to do the work previously done by three—has resulted in a saving of $300 a year to the state. It seems to us that this admission establishes the good faith of the superintendent of public works and disposes of the assertion that the position has not been abolished. This

admission also strongly corroborates the superintendent's assertion that the relator was not discharged because of political bias.

[2, 3] Every public official has an inherent right, and a right under the Civil Service Law (section 22), to abolish positions for reasons of economy. Indeed, it may be said to be the duty of an official, who discovers that more persons are employed in his department to do the work than are needed, to abolish all the superfluous positions. Therefore in this instance the superintendent of public works exercised a right and performed a duty authorized by statute and by conscience— a right too frequently neglected. In abolishing the position in question the incumbent happened to be a veteran fireman; but that fact did not require the superintendent of public works to continue a useless position. Under section 22 of the Civil Service Law, the superintendent was only required to transfer the employé "to any branch of the said service for duty in such position as he may be fitted to fill." But in accomplishing this mandate of the law the superintendent was not obliged to sacrifice positions held by other persons in order to save the position held by this veteran fireman. People ex rel. Davison v. Williams, 213 N. Y. 130, 107 N. E. 49.

[4, 5] The relator in his petition asks, if he cannot be restored to his old position, to be transferred to a similar position. But the superintendent swears in his answer that there is no such position vacant, and this is not disputed. The burden is on the relator to show that a vacancy does exist which he is fitted to fill, before he can require the superintendent to put him into such position. Matter of Breckenridge, 160 N. Y. 103, 54 N. E. 670. There must be a vacancy, or there can be no transference; and the superintendent was not obliged to discharge some other person, not an exempt fireman, in order to make a place for the relator. Matter of Breckenridge, supra.

It follows that the order of the Special Term should be affirmed, with costs. All concur.