In the Matter of the Application of WILLIAM J. PETTIS, Petitioner, for a Peremptory Order of Mandamus against PATRICK J. BREARTON, as Commissioner of Public Works of the City of Schenectady, and Others, Respondents.

Supreme Court, Schenectady County, December 28, 1932.

*George A. Marcus*, for the petitioner.

*Mathias P. Poersch, Corporation Counsel*, for the respondents.

HEFFERNAN, J.   On January 1, 1931, petitioner, after a competitive examination, was appointed chief clerk in the bureau of water, department of public works, of the city of Schenectady at a salary of forty-two dollars and thirty cents per week.   He acted as such until June 1, 1932, when the position was abolished by the board of estimate and apportionment.   At his own request he was transferred to the position of laborer in the same department at a weekly salary of twenty-eight dollars and fifty cents.

Petitioner is an honorably discharged soldier of the United States, having served as such during the World War, and is, therefore, entitled to protection in his position with the city, from removal without cause and only after an opportunity to be heard.   (Civ. Serv. Law, § 22.)   He has instituted this proceeding to obtain a peremptory order of mandamus requiring the city to pay him the same salary in his present position as that which he received for his services as chief clerk.   His contention is that he is entitled to the same compensation under that provision of section 22 of the Civil Service Law which reads as follows: " If the position so held by any such honorably discharged soldier, sailor or marine or volunteer fireman shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, *receiving the same compensation therefor*, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."

It is not disputed that petitioner's position was abolished in good faith on economical grounds.   This was not a mere pretext to get rid of the petitioner in order to appoint another in his place.   His services were no longer necessary and consequently neither logic

nor law can prevent the commissioner of public works, in the interests of economy, from exercising his undoubted right of dismissal. The courts will not interfere with a municipal officer when he deems it advisable in good faith to summarily abolish a position. It is only when the position is dispensed with for personal or political reasons that the courts will intervene.

While the law requires a veteran employee to be transferred for duty in such a position as he may be fitted to fill, there must be another position vacant to entitle him to a transfer. A public officer is not obliged to discharge another employee in order to open a position for a veteran.

If petitioner is correct in his contention a municipality could never discharge or dispense with the services of a veteran. He might occupy a position of responsibility carrying with it a large salary. If that position were abolished he could demand a transfer to a position of minor importance and receive the same compensation. No such absurd intention should be imputed to the Legislature. It is not the intent of the statute that a veteran employee whose position is abolished in good faith must be retained in the service at the same salary. Giving to this statute a reasonable and fair construction, all that a veteran, who loses his position through its abolishment, can demand is that he shall not be discharged from the public service if there is in any branch of that service a vacant position with equal emolument, which he is qualified to fill. He ought not, in justice, to demand or to be allowed, more than that. While this question has not heretofore been directly passed upon there are dicta from judges of repute which support this view. (*Matter of Breckenridge,* 160 N. Y. 103; *People ex rel. Chappel* v. *Lindenthal,* 173 id. 524.) Any other construction would work great injustice to a municipality and impose needless expense on its taxpayers.

The application is, therefore, denied, but without costs.