In the Matter of the Application of JOHN A. MEENAGH and Others, Petitioners, for a Mandamus Order against THOMAS E. DEWEY, as District Attorney of the County of New York, Respondent.*

Supreme Court, Special Term, New York County, December 1, 1938.

* Reargument granted, 171 Misc. —.

*John C. McDermott*, for the petitioners.

*William C. Chanler, Corporation Counsel [Robert H. Schaffer* of counsel], for the respondent.

McGOLDRICK, J. This is an application by fourteen former employees of the district attorney of New York county, directing him to reinstate them, with salary due each from the date of what is termed their wrongful removal and discharge. The positions of the petitioners " were abolished because after a survey it was found that they were unnecessary and useless, and for reasons of economy." These were the reasons given by the district attorney in a communication to the State Department of Civil Service on January 4, 1938. Of the petitioners, Kissane, Succarato, Meenagh, Friob, Coll and McDermott are World war veterans. The first two are in the exempt class; the others are in the competitive class, selected after an examination. They were appointed and have held their positions for many years, some of them as early as 1919 or 1920. The non-veterans are eight in number, and the dates of their appointment range from 1919 to 1931, except for Berger, who was appointed in 1935. Kissane was chief process server at $4,260; the others were process servers with salaries ranging from $1,620 to the maximum of $2,940.

The reason for the discharge of the process servers is that in such capacity they were not needed. The district attorney claims that he found it advisable to reorganize the office in the interests of efficiency, and introduce new types of employees such as account-ants trained in the field of criminal investigation, criminal investi-gators, interviewers, and a messenger force; that the work of process servers could be done by a very much smaller force; that to provide for the additional new types the abolishment of some of the old process server positions was necessary in the interest of efficiency and economy.

To this petitioners respond that the budget of the office has increased instead of being lessened; that the motive of the respondent was to place under a non-civil service status his entire old staff employed by him as special prosecutor, and that the only way he could do that was by creating positions with a new name, to which he could appoint members of his old staff not heretofore placed, without the necessity of competitive examinations and in replace-ment of men discharged; and that there was a violation of the law in relation to the veteran employees.

Section 22 of the Civil Service Law provides that if the position of an honorably discharged veteran is abolished he shall not be dis-charged from the public service, but shall be transferred to any

branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is made the duty of all persons clothed with power of appointment to make such transfers effective. Petitioners, including the veterans, were discharged without notice.

*Matter of Edkins* v. *Wotherspoon* (173 App. Div. 330) holds that every public official has an inherent right to abolish superfluous positions. While he must endeavor to transfer a veteran to any branch he may be fitted to fill, he is not obliged to sacrifice positions held by other persons in order to save a job for the veteran. (See, also, *People ex rel. Davison* v. *Williams*, 213 N. Y. 130.) Even if the new positions were not of the same character, it seems to me that these veterans were entitled to a hearing and an opportunity to prove that they could fill them. They have been given no opportunity to do so. How else could they prove their qualifications with the burden upon them to show their fitness for the new positions?

In the present state of the record I cannot rule that respondent has acted reasonably in failing to pass upon the qualifications of the discharged veterans in so far as concerns their placement in new positions. Their summary discharge without such opportunity constitutes a ground for permitting them to prove their fitness upon a trial of the issue.

As to the veteran McDermott, he has been placed in one of the messenger positions at $840 per annum. He has been in the service for seventeen years, and at the time of his " demotion " was receiving $2,940. Comment here is unnecessary. The statute entitled him to the same compensation as he received before. Unless respondent can show some persuasive reason why McDermott's salary should not be restored from the time of the original reduction and an allowance made to him for back pay, a peremptory order will issue. For this purpose a reargument will be allowed to respondent on McDermott's petition which will be severed from the others.

As to the non-veteran employees, their special burden here is to show that in the abolition of their offices there was a gross abuse of discretion or bad faith on the part of respondent. It is not his duty to place them in new positions except to the extent required by section 31 of the Civil Service Law. There is a provision in the law prohibiting removal without notice or hearing. Whether such removal, due to no charge " for incompetency or misconduct," requires a hearing is not clear from the language of the statute. At the same time where new positions of a similar nature are created while old ones are abolished, it is the duty of the appointing power

to give the person laid off the preference.    But the claim that the new positions were of a nature similar to the ones abolished has not here been shown as to some of them.    The importance of the new accounting staff is evident.    The necessity for new interviewers and investigators is apparent, which is not tantamount to saying, however, that the discharged veterans may not " be fitted to fill " them.    The staff of process servers was overmanned.    The fact that some of the new employees serve an occasional subpœna does not necessarily establish that too many process servers were discharged as superfluous.

The court realizes the desire of a new head of department to accomplish a reorganization in the interest of efficiency and economy. The desire must be within the framework of the Civil Service Law. It does not appear that the non-veteran petitioners have shown bad faith or circumvention of the law on the part of respondent in the creation of the new classification.

The motion for an alternative order is granted as to the veterans other than McDermott; denied as to the non-veterans.    As to McDermott, a peremptory order is granted, with reargument to respondent as to why this should not be alternative instead and why it should not include back pay.    Settle order.

On motion for reargument, February 9, 1939.

This is a motion for reargument by permission.

In its previous opinion the court stated: " As to veteran McDermott, he has been placed in one of the messenger positions at $840 per annum.    He has been in the service for seventeen years, and at the time of his ' demotion ' was receiving $2,940.    *    *    * Unless respondent can show some persuasive reason why McDermott's salary should not be restored from the time of the original reduction and an allowance made to him for back pay, a peremptory order will issue.    For this purpose a reargument will be allowed to respondent on McDermott's petition, which will be severed from the others.    *    *    *    As to McDermott, a peremptory order is granted, with reargument to respondent as to why this should not be alternative instead and why it should not include back pay." (170 Misc. 192.)

McDermott was honorably discharged from the United States navy in September, 1921, having served during the World war as seaman, second class.    The construction of the following provision of section 22 of the Civil Service Law is determinative of the question of law presented: " If the position so held by any such honorably discharged    *    *    *    sailor    *    *    *    shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged    *    *    *    sailor    *    *    *    holding the

same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."

The phrase " receiving the same compensation therefor " is somewhat obscure. It has been interpreted by the Court of Appeals in *Matter of Breckenridge* (160 N. Y. 103) and *People ex rel. Chappel* v. *Lindenthal* (173 id. 524) as meaning that a veteran discharged by the abolition of his position is entitled to " a vacant position with equal emoluments which he is qualified to fill." It has been further construed in *Matter of Pettis* v. *Brearton* (145 Misc. 913) as meaning that if a veteran has been transferred to a vacant position calling for a lower salary he cannot insist upon receiving the salary of the position which has been abolished.

Respondent contends that petitioner is now filling a position of lower rank and emolument.

Petitioner, on the other hand, claims that in his case the change of title has been nominal, that he is virtually performing the duties to which he previously functioned, and that his ostensible transfer to a lower rank was a mere subterfuge to which he submitted under protest and because of economic necessity.

Issues of fact are thereby raised that require a trial. Reargument is granted, and upon reargument the issues of fact will be set for trial as upon what was formerly known as an alternative mandamus.

Settle order in accordance with opinion as herein modified.