In the Matter of the Application of John A. Meenagh and Others, Petitioners, for an Order against Thomas E. Dewey, as District Attorney of the County of New York, Respondent.

Supreme Court, Trial Term, New York County, October 27, 1939.

*John C. McDermott*, for the petitioners.

*William C. Chanler, Corporation Counsel [Robert H. Schaffer and Dennis B. Sullivan of counsel], for the respondent.*

Koch, J. This is an application by certain former employees in the office of the district attorney of the county of New York for a mandamus order against the district attorney of that county directing reinstatement or appointment of the petitioners to other positions.

The petitioners who originally instituted the proceeding were fourteen of the process servers who were suspended from the public service. Eight were competitive civil service employees, but not veterans. The remaining six were veterans, and four of these were competitive civil service employees.

The application was originally heard by Mr. Justice McGold-rick at Special Term and resulted in an order denying the application of the eight competitive non-veterans. Of the six remaining veteran petitioners the proceeding in respect to one was severed, and in respect to five of them, three of whom are competitive civil service employees and two exempt appointees, is now before this court for determination under a provision contained in that order directing trial to be had upon the issue as to whether within the purview of subdivision 1 of section 22 of the Civil Service Law the said five petitioners are fitted to fill any of the new positions created in the office of the district attorney on and after January 1, 1938.

That section provides, in effect, that if the position held by an honorably-discharged veteran is abolished he shall not be discharged from the public service but shall be transferred to any branch thereof for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is made the duty of all persons clothed with power of appointment to make such transfer effective.

In a letter sent to the department of civil service soon after the commencement of the term of office of the respondent as district attorney he stated that the positions of the petitioners " were abolished because after a survey it was found that they were unnecessary and useless, and for reasons of economy."

The claims of the respondent in respect to the reasons for the discharge of these petitioners and the contentions of the petitioners in response thereto are referred to in the opinion of Mr. Justice McGoldrick in *Matter of Meenagh* v. *Dewey* (170 Misc. 192). In that opinion the court states that the reason for the discharge of the process servers was that in that capacity they were not needed, and later in the opinion it is stated that the staff of process servers was overmanned.

At the time that the respondent took office as district attorney sixty persons held positions as process servers in that office. It is claimed by the petitioners, however, that many of these men, and this court finds it to be the fact in respect to the present five petitioners, had been performing work in the district attorney's office far beyond and not related to the title of process servers.

The respondent abolished thirty-five of these positions, but created many new ones under new designations, such as investigators, interviewers, confidential messengers and messengers. The petitioners contend that these changes did not result in any economy. In any event, it appears that there was a substantial increase in the total amount of salaries for exempt positions in the budget of the district attorney's office for the year 1938 over that of 1937 and a substantial increase in the total amount of the payroll for 1938 over that for 1937.

The petitioners assert that these various new positions, created after January 1, 1938, bearing new titles, were actually manufactured as a subterfuge; that the work performed by the new appointees under such new titles was the work that the petitioners had formerly performed under their old titles of process servers, and the petitioners further claim that, irrespective of good or bad faith in the establishment of the new positions, they are entitled, as veterans, to transfer to such of the new positions as they might be fitted to fill under the provisions of section 22 of the Civil Service Law.

Upon taking office as district attorney the respondent continued the services of men who had served under him as special prosecutor. Some of these men displaced the petitioners.

Shortly after the respondent became district attorney the State Civil Service Commission adopted a resolution which was approved by the Governor placing these new positions in the non-competitive class. It appears that the Commission at the time of the adoption of the resolution had knowledge that the proposed incumbents of the new positions were to be men who had served under the respondent as special prosecutor. It further appears that these men who, before January 1, 1938, were not civil service employees or veterans,

on or about that date, subject only to the subjective determination of the respondent and to no examination held under the civil service, were held over, in some instances, at least, with substantial increases in salary. Section 22 of the Civil Service Law gives no preference of employment, but serves to protect an honorably-discharged soldier, when once employed, from discharge without cause, and has the effect of giving a preference in tenure of employment once entered upon. (*Matter of Ziolkowski* v. *Holstein*, 143 Misc. 819, 821.)

Every public official has an inherent right and a right under the Civil Service Law to abolish positions for reasons of economy. (*Matter of Edkins* v. *Wotherspoon*, 173 App. Div. 330, 332.) But while a position occupied by a veteran may be abolished in good faith and in the interests of economy, it cannot be done in bad faith and as a mere pretext to remove a veteran and make a place for another. (*Matter of Jones* v. *Willcox*, 80 App. Div. 167, 171.)

The test is whether the dismissal was because of the fact that the services of the employee were no longer needed, as distinguished from a removal to make way for another. (*Matter of Vincent* v. *Cram*, 27 Misc. 158.) The fact that other persons are subsequently appointed to perform the duties which a veteran has performed or is able to do and that such appointment is in consequence of the removal is sufficient to justify the court in finding that the removal was in violation of the statute. (*People ex rel. Shields* v. *Scannell*, 48 App. Div. 69, 73.)

The abolition of a person's position cannot be said to have been brought about in the interest of economy where it appears that to do the character of work called for both the number of positions and the total salaries have been increased. (*People ex rel. Weeks* v. *Ward*, 162 N. Y. Supp. 744. See, also, *Matter of De Feo* v. *Chadsey*, 254 App. Div. 441.)

In *Matter of Powers* v. *Dahl* (219 N. Y. 578, revg. 173 App. Div. 501) the Court of Appeals reversed, on the dissenting opinion of COCHRANE, J., in the court below, in which he said (at p. 505): " There is no question in the present case of there being some position under the present county clerk very similar to the position from which the relator was removed and which he is fitted to fill. In fact, one of the new appointees of the present county clerk is performing the same duties as ' custodian of records ' which were formerly performed by the appellant. This is not a case where there is no similar position which the incumbent of the abolished position is properly fitted to fill, nor is it a case where he could not have been appointed without the displacement of some other person. I think, therefore, that notwithstanding the position of the appellant

was abolished by statute, under the provisions of the Civil Service Law above referred to he has a right to be continued in service under the present county clerk in such position as manifestly exists which he is capable of filling."

In *People ex rel. Weeks* v. *Ward* (162 N. Y. Supp. 744, 750) the court said: " The giving of a different name to the new position should make no difference, nor should the changing of some of its duties. The head of a department should not be permitted to abolish a position and divide its duties among a number of positions, some of them newly created at the time the old position is abolished, and then claim that no position similar to the old one exists. This would be a subterfuge which the courts should not countenance."

If the contentions of the respondent are correct it follows that the provisions of the statute to the effect that, if the position held by the veteran shall be abolished for reasons of economy or otherwise (which is what the respondent claims occurred), the veteran holding the same shall not be discharged from the public service but shall be transferred as therein further provided, afford no actual protection to veterans, are ineffectual, and become practically meaningless, as do the mandatory words which follow in the statute that it is thereby " made the duty of all persons clothed with power of appointment to make such transfer effective." It is the policy of the State to give to statutes preferring and protecting veterans in public positions a liberal construction in favor of veterans. (*Matter of Christey*, 84 Misc. 172, 176, citing *Matter of Seeley* v. *Stevens*, 190 N. Y. 158; *Matter of Stutzbach* v. *Coler*, 168 id. 416, 422; *People ex rel. Kenny* v. *Folks*, 89 App. Div. 171; *People ex rel. Hoefle* v. *Cahill*, 188 N. Y. 489.) The restrictions placed upon the power of removal were intended to prevent interference with the tenure of office for political, partisan or personal reasons. (*People ex rel. Fonda* v. *Morton*, 148 N. Y. 156, 163.) The aim of the law was to protect the incumbents previously subject to arbitrary removal by the appointing power. (*Matter of Tiffany*, 179 N. Y. 455, 458.)

In view of all of the facts and circumstances, including the fact that the new positions were placed in the non-competitive class, the court holds that the contention of the respondent that the petitioners' performance of work beyond and out of the title of process servers may not be considered by the court upon the issue of their fitness to fill the new positions; his further claim that the petitioners' personal qualifications and their work in private business before appointment as process servers have no bearing upon the issue of fitness, and his citation of certain provisions of sections 14 and 16 of the Civil Service Law, as well as certain decided cases, in support of such contentions, are untenable.

The court finds that each of said five petitioners, within the purview of subdivision 1 of section 22 of the Civil Service Law, is fitted to fill at least one of the new positions created in the office of the district attorney on and after January 1, 1938.

The questions relating to back pay and the amount thereof, referred to in the arguments of counsel and in certain memoranda submitted by them, are not before this court under the terms of the order entered at Special Term directing trial of the issue now determined.

Submit findings.