In the Matter of the Application of HENRY PIELSTICKER (Also Known as HARRY PIELSTICKER), Petitioner, against PAUL LIVOTI, Clerk of the County of Queens, State of New York, Respondent.*

Supreme Court, Special Term, Queens County, March 18, 1940.

*William E. Kennedy*, for the petitioner.
*Mordecai Konowitz*, for the respondent.

* Affd., 260 App. Div. 1043.

HALLINAN, J. By section 50 of the Vehicle and Traffic Law, as amended by chapter 934 of the Laws of 1939, effective September 1, 1939, the county clerk of Queens county was relieved of his duties as statutory agent of the Commissioner of Motor Vehicles which he had theretofore assumed pursuant to chapter 386 of the Laws of 1929. Accordingly, on December 7, 1939, the board of estimate of the city of New York adopted a resolution, effective December 31, 1939, which abolished, pursuant to section 68 of the New York City Charter, the twenty-one positions in the motor vehicle division of the county clerk of Queens county which the board of estimate and apportionment of the city of New York, with the prior approval of the board of aldermen, established on September 26, 1929, upon the assumption by the county clerk of his duties as statutory agent of the Commissioner of Motor Vehicles. This resolution also modified and amended the 1939–1940 budget so as to eliminate the appropriations for the abolished positions, and specifically referred to such positions by code, line, title and salary.

Among the positions thus abolished were two bearing the title "laborer" at $1,620 a year, which had been added in 1929 to similar positions already in existence. One of such positions was held by petitioner who was appointed thereto on July 1, 1930, without reference to any examination or civil service list, the position being neither in the competitive nor non-competitive class of civil service.

Following the passage of this resolution, the county clerk notified the petitioner and the other laborer that their positions were abolished and that their services would terminate on December 31, 1939.

Claiming that he is entitled to the protection accorded by section 22 of the Civil Service Law because he is an honorably-discharged veteran of the Spanish-American war, petitioner has applied to this court for an order directing the county clerk of Queens county to reinstate him and to pay him his salary from December 31, 1939, to the date of such reinstatement. His contention is that he was discharged without cause and without a hearing because of a reduction in the number of laborers in the office of the said county clerk from nine to seven, four of whom are neither exempt volunteer firemen nor honorably-discharged soldiers, sailors or marines.

The respondent county clerk states that at the time the resolution of the board of estimate abolishing the positions was passed there were ten laborers in his office, all in the exempt class. Of these but two, including petitioner, were in the motor vehicle division and in the salary grade of $1,620 a year, expressly referred to in the aforesaid resolution.

Section 22 of the Civil Service Law provides that a veteran or an exempt fireman may not be removed from his position except for incompetency or misconduct shown after a hearing upon stated charges and due notice, but if the position becomes unnecessary or is abolished for other reasons, he " shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill receiving the same compensation therefor."

Petitioner does not base his application upon the ground that any vacancy exists in the respondent's office which he may be fitted to fill or that his position has continued and been filled by someone else. He contends that the county clerk was required to create a vacancy for him by dispensing with the services of a laborer in his office who is not a veteran or an exempt fireman.

Since *Matter of Breckenridge* (160 N. Y. 103, 108) section 22 of the Civil Service Law has been construed as not intending " that some faithful and, possibly, more efficient officer. who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office," and that said enactment was intended " to secure the retention in the public service of the veteran, who is thrown out of office by its abolition, ' in such position as he may be fitted to fill, receiving the same compensation thereof,' which seems, necessarily, to imply that a vacancy in such a position must exist." (*People ex rel. Chappel* v. *Lindenthal*, 173 N. Y. 524; *People ex rel. Davison* v. *Williams*, 213 id. 130, 133, 134; *Matter of Devins*, 233 id. 690; *Matter of Clancy* v. *Halleran*, 263 id. 258; *Matter of Smith* v. *Greene*, 247 App. Div. 425, 427; *Matter of Meenagh* v. *Dewey*, 170 Misc 192, 194; on reargument, Id. 192; *People ex rel. Machen* v. *Hayes*, 115 id. 373.)

*People ex rel Davison* v. *Williams* (*supra*, pp. 133, 134) contains a comprehensive exposition of the rule that no duty is imposed upon the appointing power to terminate the position of veterans or exempt firemen " as a last resort, after first sacrificing the positions held by other and less favored classes."

This holding the petitioner criticises as a mere dictum which did not overrule earlier decisions of the court, but Chief Judge CRANE, speaking for an unanimous court in *Matter of Clancy* v. *Halleran* (*supra*, p. 262), likewise said: " *A public official is not obliged to discharge other employees in order to open a position for a veteran* " (italics mine), citing *Matter of Breckenridge* (*supra*); *People ex rel. Davison* v. *Williams* (*supra*); *Matter of Devins* (*supra*), and *Stutzbach* v. *Coler* (168 N. Y. 416). Thus, the holding in the *Williams* case is no longer in doubt and has been uniformly followed by the courts whenever this question arose.

Accordingly. the application is in all respects denied.