Morris Eder, J.
Petitioner has instituted an article 78 proceeding to review a determination of the Division of Veterans’ Affairs of the State of New York laying him off from the position of senior research analyst. Respondent has moved, pursuant to section 1293 of the Civil Practice Act, to dismiss the proceeding for failure to commence same within four months after the determination became final and binding upon petitioner, as required by section 1286 of the Civil Practice Act.
As background to the motion to dismiss, it may be noted that employees in the civil service may be laid off for lack of work or “ for reasons of economy or otherwise ” pursuant to section 31 of the Civil Service Law (People ex rel. Chappel v. Lindenthal, 173 N. Y. 524; Matter of Edkins v. Wotherspoon, 173 App. Div. 330; Matter of O’Donnell v. Sinnott, 266 App. Div. 176). Petitioner’s position is that there was in fact no curtailment of work in his title and that the director acted in bad faith.
The facts bearing directly upon this motion are these: Petitioner received a letter from respondent dated August 9, 1955, informing him that “ due to curtailment of work in your title of Senior Research Analyst * * * your last working day will be August 15, 1955. You will be carried on the .payroll of this Division through September 27, 1955 in order to liquidate annual leave credits unless in the meantime you are re-employed in state service. You will have a sick leave balance of 42 days. The Department of Civil Service will be notified of this layoff and a request made to place your name on a Preferred List.” This proceeding was commenced more than four months after August 15, 1955, but less than four months after September 27, 1955.
The sole question to be decided on the basis of the petition and as affirmed in petitioner’s brief is the date when this determination became ‘ ‘ final and binding ■’ ’ so as to start the four-month period running. The only issue, it appears, is as to the effect of petitioner’s being carried on the payroll through September 27 to liquidate leave credits.
The decision as to the layoff, its effective date, and the reasons therefor was clearly and definitely expressed in the letter of August 9 and thus was a determination binding upon him. There may be some doubt as to whether it became final on August 12, when received, or August 15, when he last worked *562 in accordance with its term but there can be no question as to his right to commence his proceeding for its review on August 16 regardless of the fact that for the limited purpose of receiving leave credits he remained on the payroll for some time thereafter as a result of administrative or bookkeeping techniques (People ex rel. Lahey v. Woodbury, 102 App. Div. 333; Matter of Manheim v. McCarthy, 118 N. Y. S. 2d 231, affd. 284 App. Div. 956). The determination as to his layoff for curtailment of work in his title was entirely apart and distinct from the fortuitous circumstance of his being entitled to additional moneys for accrued leave credits and the fact that, according to established practice, the latter were to be liquidated by keeping him on the payroll so that, if he should in the meantime be re-employed in State service, they would be adjusted in different fashion. This determination must be regarded, therefore, as having become final and binding within the meaning of section 1286 no later than August 15, 1955.
Matter of Blitz (Corsi) (275 App. Div. 1015) and the opinion of the Attorney-General (1948 Atty. Gen. 190) which are both to the effect that for unemployment insurance purposes an employee who is kept on the payroll to liquidate accrued vacation allowance or annual leave must still be regarded as employed and thus disqualified from receiving unemployment insurance benefits, are not in point. An employee may not receive such benefits unless “ totally unemployed While he is receiving wages by virtue of such accruals, he can not claim the benefit of a law intended for those who are totally unemployed and receiving no wages. Here it is the finality of the administrative determination which is the crux of the problem and not the last day he remained technically on the payroll.
This petition does not present the question as to whether there is a continuing duty to rehire, irrespective of this determination, on the basis of facts showing a current need and requirement to fill the position, of which petitioner was the sole incumbent, and a refusal after proper demand for such relief.
The motion is accordingly granted and this proceeding dismissed as untimely. Settle order.