(173 App. Div. 501)

## POWERS v. DAHL.

(Supreme Court, Appellate Division, Third Department.  June 30, 1916.)

1. CLERKS OF COURTS ⚖️2—POWERS—REMOVAL—STATUTE.

Laws 1915, c. 244, touching the county clerk of Rensselaer county, providing that the clerk next elected shall receive an annual salary, shall perform all the duties of his office, and shall give bond to perform the duties of his office; section 8, declaring that there shall be one deputy clerk, and the board of supervisors shall have the power to designate the number of special deputies, and that the clerk shall appoint the deputy, special deputies, and assistants, and shall be responsible for their official acts; and section 10, providing that all acts or parts of acts inconsistent herewith are hereby repealed—being inconsistent with and repealing Laws 1896, c. 212, as amended by Laws 1907, c. 87, providing that it shall be the duty of the clerk of Rensselaer county to appoint a custodian, who shall have immediate care of the records of his office, although the board of supervisors named one of the assistants custodian of the records, the office occupied by plaintiff as custodian ceased to exist, and the county clerk cannot be compelled to appoint plaintiff, since the power of appointment necessarily involves the elements of discretion and judgment.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. §§ 2, 3; Dec. Dig. ⚖️2.]

2. OFFICERS ⚖️68—ACTION TO RECOVER OFFICE—STATUTE.

Under Civil Service Law (Consol. Laws, c. 7) § 22, providing that an honorably discharged soldier, if his position be abolished, shall be transferred to any duty for which he may be fitted, the plaintiff, occupying an exempt position as custodian of the records, under Laws 1896, c. 212, as amended by Laws 1907, c. 87, can have no right, as veteran of the Spanish-American War, to an appointment under the county clerk after passage of Laws 1915, c. 244, §§ 8, 10.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 97; Dec. Dig. ⚖️68.]

Kellogg, P. J., and Cochrane, J, dissenting.

Appeal from Special Term, Albany County.

Application by Nicholas J. Powers for a writ of mandamus against Hans Dahl, as County Clerk of Rensselaer County. From an order denying his motion for a peremptory writ of mandamus, petitioner appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Edward L. Nugent, of Troy (Michael D. Nolan, of Troy, of counsel), for appellant.

Herbert F. Roy, Co. Atty., of Troy, for respondent.

WOODWARD, J. [1-2] Nicholas J. Powers, claiming to be a veteran of the Spanish-American War, moved this court, at Special Term in Albany county, for a peremptory writ of mandamus, directed to Hans Dahl, clerk of Rensselaer county, commanding the latter to reinstate the said Nicholas J. Powers in the office of custodian, this being an office created by chapter 212 of the Laws of 1896, as amended by chapter 87 of the Laws of 1907. Both of these acts were local acts,

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

confined in their operation to Rensselaer county, and provided that it should be—

"the duty of the clerk of Rensselaer county to appoint a proper custodian who shall have the immediate care and charge, subject to the directions of the clerk, of all court papers, judgment rolls and other papers and instruments on file in his office, and who shall receive from the county of Rensselaer, in addition to any compensation to be paid to him by said county clerk, a salary of one thousand dollars per annum; and who shall in addition to the duties hereinafter enumerated, perform such other duties for the clerk as shall be prescribed by him."

The effect of this enactment was to superimpose upon the office of clerk of Rensselaer county the duty of appointing a special custodian of the documents and papers on file in the office of the county clerk. The office of county clerk was, at that time, paid by fees; but this custodian was provided a salary, and, subject to the directions of the clerk, took over an important portion of the duties which belong naturally to the county clerk. While the act did not entirely take the control of court papers, judgment rolls, and other papers and instruments on file in his office, from the county clerk, it specially required the custodian to have charge of them, and the act was evidently intended to remedy some local condition in the first instance, and was continued because of the usual tendency to create offices and continue them in being rather than to change them. The scheme was, however, incongruous, and in 1915 the Legislature enacted chapter 244 of the laws of that year, entitled:

"An act to make the office of county clerk of Rensselaer county a salaried office, regulating the management of said office, and providing penalties for violations."

This act, after providing that the clerk "next elected and thereafter to be elected shall receive as compensation for his services an annual salary of four thousand five hundred dollars," declares that:

"It shall be the duty of said clerk to perform all services which he is or shall be required or authorized by law to perform by virtue of or by reason of his holding such office, for the state, for the county, and for individuals, including his duties as clerk of every court of which he is or shall be clerk, and no compensation, payment or allowance shall be made to him for his own use for any such services, except the salary aforesaid."

It is very plain that the Legislature in this enactment "regulating the management of said office" has intended to restore to the county clerk the full duties and obligations of a county clerk and of the duties of a clerk of the courts of record, and this is reinforced by a provision that such clerk shall give a bond that he will "well and faithfully discharge all the duties of his office." To enable the clerk to discharge these duties, it is provided (section 8) that:

"There shall be one deputy clerk, and the board of supervisors shall have power to designate the number of special deputy clerks, and said county clerk shall appoint such deputy and such number of special deputies as may be designated by said board; also as many assistants as may be authorized by the board of supervisors, and shall be responsible for their official acts; and the salaries of said clerk, deputies and assistants shall be paid in the same manner as the salaries of other county officers are paid. The salary of the deputy clerk shall not exceed eighteen hundred dollars per annum, and the special

deputies, designated as hereinbefore provided, shall not exceed twelve hundred dollars per annum, and the board of supervisors may determine the number of assistants and fix their salary or compensation."

This is followed (section 10) by the provision that "all acts or parts of acts inconsistent herewith are hereby repealed," and it seems clear that the special acts under which Nicholas J. Powers held the office of custodian were entirely inconsistent with this new enactment, which charged the clerk with all of the duties of the office, and made him responsible for the conduct of his deputies and assistants. The special acts made the custodian responsible for the custody of the records, while the act of 1915 made the clerk responsible for all of the duties of the office, which include, of course, the custody of the records which are by law required to be filed in the office of the clerk of the county or of the clerk of the courts of record.

If we are right in this, then there can be no question that the order appealed from should be affirmed. Mr. Powers held office under the special statutes, and those statutes ceased to have effect upon the election and qualification of the respondent, Hans Dahl, which occurred on the 1st of January, 1916. Mr. Powers was not removed from an office; the office ceased to exist on the 1st day of January, 1916, and it was not until the 11th day of January, 1916, that the board of supervisors took the necessary steps to provide for filling the positions of special deputies and assistants, and the mere fact that the board of supervisors, in discharging its duties, chose to name one of the assistants "custodian of records," does not operate to give Mr. Powers any right to this position, for which the county clerk is, by the terms of the statute, to become responsible. Section 8.

The statute does not now provide for a custodian; it charges the county clerk with all the duties of the office, and then permits the board of supervisors to determine the number of special deputies and assistants to be appointed by him, and the board of supervisors has no control over the duties of these special deputies and assistants, for it is provided that the clerk "shall be responsible for their official acts" (section 8); and this, of course, gives him the power to determine what duties they shall be called upon to perform. The power to appoint to these positions having been given by the statute, Hans Dahl could not be compelled to appoint Mr. Powers, for the power of appointment necessarily involves the elements of discretion and judgment. People ex rel. Balcom v. Mosher, 163 N. Y. 32, 57 N. E. 88.

There can be no question of the right of the Legislature to repeal a statute creating a special position and to charge the county clerk with the duty of performing the full duties of his office; and this having been done, and the prior special statutes having ceased to exist, there is no such office as that to which Mr. Powers was originally appointed, and he having filled an exempt position under the former county clerk, he can have no right to an appointment under the present county clerk, holding office under a different statute, because he served an enlistment in a war.

The order appealed from should be affirmed, with costs. All concur

except KELLOGG, P. J., and COCHRANE, J., who dissent, the latter in opinion.

COCHRANE, J. (dissenting). I agree with Mr. Justice WOODWARD that chapter 244 of the Laws of 1915 repealed the special acts relative to Rensselaer county and in effect abolished the position held by the relator. But still I am unable to see why he is not within the protection of section 22 of the Civil Service Law, which provides that the honorably discharged soldier, if his position be abolished for any reason, "shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," and which statute imposes the imperative duty upon "all persons clothed with power of appointment to make such transfer effective." There is no question in the present case of there being some position under the present county clerk very similar to the position from which the relator was removed and which he is fitted to fill. In fact, one of the new appointees of the present county clerk is performing the same duties as "custodian of records" which were formerly performed by the appellant. This is not a case where there is no similar position which the incumbent of the abolished position is properly fitted to fill, nor is it a case where he could not have been appointed without the displacement of some other person.

I think, therefore, that notwithstanding the position of the appellant was abolished by statute, under the provisions of the Civil Service Law above referred to he has a right to be continued in service under the present county clerk in such position as manifestly exists which he is capable of filling.