The People of the State of New York, ex rel. George F. Zieger, Relator, v. George W. Whitehead, as Mayor; Frank A. Jenss; Adin B. Chase, W. Acheson Smith, and William Gillett, as Councilmen, Constituting a Board Known as the "Council of the City of Niagara Falls;" Ossian E. Carr, as City Manager of the City of Niagara Falls, N. Y., and Frank Burlingame, as Division Foreman of the Bureau of Public Service of the City of Niagara Falls, N. Y., Respondents.

(Supreme Court, Niagara Special Term, April, 1917.)

Civil Service Law — provisions of section 22 of — who entitled to peremptory writ of mandamus — appointments — municipal service — city of Niagara Falls.

> The word "held" in the provision of section 22 of the Civil Service Law that "If the position so held by any such honorably discharged * * * volunteer fireman shall become unnecessary or be abolished * * * the said honorably discharged volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill," etc., includes a probationary as well as a permanent occupancy of the position.

Where before the expiration of the probationary period for which relator, an honorably discharged volunteer fireman, was appointed to the position of foreman in the street department of the city of Niagara Falls, the position was abolished, resulting in his discharge from the city employment, he is entitled under section 22 of the Civil Service Law to a peremptory writ of mandamus providing for his transfer to some new position for which he is fitted.

Upon again entering upon his duties in said municipal service relator will still be a probational employee entitled as of right to complete the unexpired portion of the probationary period, at the end of which he may be peremptorily discharged.

MOTION for alternative writ of mandamus.

Michael J. Noonan, for relator.

Robert J. Moore, for respondents.

SEARS, J.   In February, 1916, the relator instituted a mandamus proceeding to require the city authorities of the city of Niagara Falls, N. Y., to reinstate him in a position in the classified civil service held by him, or to assign him to such branch of the municipal service as he is fitted to fill, in accordance with the provisions of section 22 of the State Civil Service Law.   At that time the relator's affidavit showed him to be an honorably discharged volunteer fireman and that about the 15th day of October, 1915, he was appointed to the position of foreman in the street department of the city of Niagara Falls, and that about the 1st day of January, 1916, the position was abolished, resulting in his discharge from the city employment.   The relator at that time claimed that such discharge, without charges preferred and without a hearing, was in violation of the provisions of section 22 of the State Civil Service Law.   Opposing affidavits read at that time tended, among other things, to show that the relator's employment as foreman in the street department began

on the 23d day of October, 1915, and that pursuant to section 9 of the Civil Service Law, and the local civil service rules, his appointment was probationary only for the period of three months.

The justice at Special Term, before whom the motion came, held that the relator was entitled to reinstatement or transfer to some new position for which he was fitted if he was a permanently appointed employee of the city at the time of his discharge, but held further that if he was serving as a probationary appointee at that time he was not entitled to reinstatement or transfer. See opinion in this case in 94 Misc. Rep. 360. The court therefore ordered an alternative writ of mandamus to issue to determine this question. Such a writ issued and the respondents filed answers and returns setting forth that the relator was a mere probationary employee.

When the proceeding came on to be heard at the Niagara Trial Term in March, 1917, the counsel for the relator conceded that the relator, on the 1st of January, 1916, was a probationary appointee only, the probationary period in its ordinary course not expiring until January 23, 1916, and the trial court made a decision and report finding the facts to that effect.

On behalf of the relator the attention of the court is now called to a decision which was not called to the attention of the court at the time that the matter was originally before the Special Term. This decision is *People ex rel. Kastor* v. *Kearny,* 164 N. Y. 64. In the course of the majority opinion in that case at page 66 Judge Landon says: " 'A probationary term ' or ' a period of probation ' implies definite or stated length of duration, especially so when such term or period is to be provided in advance. It is not ' any time ' within a fixed length of duration, unmeasured by the rules, and measurable by the pleasure or will of the appoint-

ing power. Probation or probationary implies the purpose of the term or period, but not its length; the rules could fix its length, for so the statute provides, but could not make its length provisional in point of time, for that would be to unfix it or annex an unauthorized item. While the primary purpose of the law is to secure efficient service, yet the probationary appointee is thereby secured an experimental trial for the period prescribed by the law or the rules made in pursuance of the law, and he is not to be condemned pending the trial before the time, given him to show his fitness, has expired, except after an opportunity to explain under section 1543 of the charter.''

On behalf of the respondents it is urged that while the case cited would be a binding authority if the application were for reinstatement merely, it is not an authority to the extent that it requires the public officials to transfer a probationary appointee as one '' holding '' a position within the meaning of section 22 of the Civil Service Law, the pertinent part of which is as follows: '' If the position so held by any such honorably discharged soldier, sailor or marine, or volunteer fireman, shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service, but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective.''

The reasoning, however, in *People ex rel. Kastor* v. *Kearny, supra,* in my opinion is as applicable to one situation as to the other. If the probationary appointee is entitled to protection in his position dur-

ing the probationary term, so that he may show his fitness for permanent appointment during the entire probationary period, then for the same reason he must be held to be entitled to transfer upon the abolition of his position so that he may have the same complete period to show his fitness for appointment, even though during the period he occupies two different positions. No sound distinction can be predicated upon the use of the word " held " in the statute. The word " held " must include a probationary as well as a permanent occupancy of the office. In view of the authority cited, the question is not an open one, and the relator is entitled to a peremptory writ of mandamus providing for his transfer to some new position for which he is fitted.

On entering again upon his duties in the municipal service the relator will still be a probational employee entitled as matter of right to complete the unexpired portion of the probationary period, at the end of which he may be peremptorily discharged. *People ex rel. Hoeges* v. *Guilfoyle,* 61 App. Div. 187; *People ex rel. Kastor* v. *Kearny,* 36 Misc. Rep. 717.

Ordered accordingly.