In the Matter of the Application of THOMAS V. DEVINS, Appellant, for a Writ of Mandamus against HENRY D. SAYER, the Industrial Commissioner of the Department of Labor of the State of New York, Respondent.

First Department, April 7, 1922.

Civil service — petitioner, honorably-discharged soldier of Spanish-American War, discharged as factory inspector in Department of Labor on ground that position had been abolished as authorized by Labor Law of 1921, § 18 — petitioner entitled to be reinstated where there were several similar positions filled by men not entitled to preference.

The petitioner, an honorably-discharged soldier of the Spanish-American War, who held the position of a factory inspector in the Department of Labor, and who was discharged from that position on the ground that because of insufficient

appropriation by the Legistature, the position had been abolished as authorized by section 18 of the Labor Law of 1921, as amended by chapter 642 of the Laws of 1921, is entitled, by virtue of section 22 of the Civil Service Law, to be reinstated or transferred to some position carrying the same pay, where it appears that at the time of his discharge there were several positions known as factory inspectors of the same grade as that held by the petitioner, and that some of the men who were retained as factory inspectors were not honorably-discharged soldiers or entitled to a preference.

Although the statute, section 22 of the Civil Service Law, does not in express terms give honorably-discharged soldiers a preference with respect to retention where positions are abolished, it is plainly a violation of the implied rights of such an employee, conferred by statute, to single him out and abolish his position, which is precisely the same as that of many others, and to retain some who are not classified with him concerning their rights to be transferred to other positions, and to dismiss him.

The Legislature did not intend indirectly to authorize the Industrial Commissioner of the Department of Labor to review the fitness and competency of an honorably-discharged soldier as compared to other employees holding like positions, and on the theory of his unfitness or incompetency as compared with others to authorize the abolition of his position, while others not so protected against discharge and not entitled to be so transferred to other positions carrying the same pay, were retained; and, therefore, there was no authority to abolish the petitioner's position and discharge him, until after the positions of all others not so protected against being discharged and not so entitled to be transferred were abolished.

APPEAL by the petitioner, Thomas V. Devins, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of November, 1921, denying petitioner's motion for a peremptory writ of mandamus requiring the respondent to reinstate him as factory inspector in the Department of Labor of the State of New York or to transfer him to some other position with the same compensation as of July 1, 1921.

The motion was made on the appellant's affidavit, and was opposed by the affidavit of the respondent Sayer, the Industrial Commissioner. The affidavit of the appellant shows that on the 25th of October, 1918, after he had entered and passed a competitive civil service examination conducted by the Civil Service Commission of the State for the position of factory inspector in the Department of Labor, his name was duly certified by the Commission from the eligible list for appointment, and that he was duly appointed factory inspector at a salary of $1,320 per annum; that he accepted the appointment and entered upon the discharge of his duties that day and duly performed all duties assigned to him by his superiors in office; that his salary was increased to $1,500 per annum, and thereafter and on January 1, 1921, was again increased to $1,800 per annum; that under date of the 15th of June, 1921, he received a written notice from the respondent to the effect that a reduction in the number of employees of the department became necessary owing to a curtail-

ment in the appropriation therefor; and that the respondent regretted that he had been compelled to abolish the position held by appellant and to terminate his services as of June 30, 1921; and that until that date he might consider himself on leave of absence with pay; that he was duly enrolled as a private in the United States Army on the 2d of May, 1898, and served therein during the war with Spain and was honorably discharged therefrom on the 20th of April, 1899; and that the respondent had due and timely notice thereof before so abolishing his position and terminating his services; that respondent continued in the service twelve factory inspectors who were appointed and entered the service subsequent to the appointment and entry therein of the appellant; and that he verily believes that the alleged curtailment in the appropriation assigned as the reason for abolishing the position is a subterfuge resorted to by the respondent to remove him from office; that he is entitled to the order applied for by virtue of the provisions of section 22 of the Civil Service Law (as amd. by Laws of 1910, chap. 264, and Laws of 1920, chap. 833) and section 22a of the Civil Service Law (as added by Laws of 1920, chap. 836); and that, by virtue of said statutory provisions and of the regulations of the Civil Service Commission promulgated pursuant to law, the action of the respondent in abolishing the position occupied and held by the appellant was unlawful and void; and that, therefore, he is entitled to reinstatement and to be assigned to duty as a factory inspector and to the emoluments of office as of July 1, 1921. The affidavit of the respondent shows that the appropriation for the Labor Department for the fiscal year commencing July 1, 1921, was $1,500,000, and that not more than $1,200,000 thereof could be used for personal services and salaries; that the appropriation for the preceding year was $2,400,000; and that during that year deficiency appropriations for the department were requested of the Legislature; that the abolition of the position held by the appellant was rendered necessary by the curtailment of the appropriation and in the interest of an efficient and economical administration of the department, for the reason that, in the opinion of the respondent, more factory inspectors were employed than were necessary; that the abolition of the position was not a subterfuge resorted to for the purpose of removing the appellant; that the appropriation having been reduced one-third, respondent in determining which positions should be abolished took into consideration merit, fitness and competency, and retained to fill the remaining positions of factory inspectors those who, in his judgment, were best fitted and qualified to render the most efficient service to the State; that the number of positions remains

as so reduced; and that the work of the department is being satis-factorily conducted by those filling the remaining positions, and there did not exist and does not exist a vacancy or position in the depart-ment to which the relator could be transferred without dismissing another who was and is satisfactorily discharging the duties of the position; and that, as the responsible head of the department, respondent deemed it his duty to decline to dismiss a competent employee to make a position for the appellant; and that, as he understands the law, he is not required, in removing persons for reasons of economy, to make removals in the inverse order of appointments as provided in section 22a of the Civil Service Law, for the reason that those provisions have been superseded by section 18 of the Labor Law of 1921, as added by chapter 50 of the Laws of 1921, and as amended by chapter 642 of the laws of that year, which confer upon the respondent the right to make removals as the best interests of the service require; and that he certified the name of the appellant to the State Civil Service Commission as one whose position was abolished for reasons of economy as required by law.

*Jacobs & Weintraub* [*George Jacobs* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Robert P. Beyer, Deputy Attorney-General,* of counsel], for the respondent.

LAUGHLIN, J.:

The appellant does not clearly show that any factory inspector retained in the service was not an honorably discharged soldier, sailor or marine, or a veteran volunteer fireman; but plainly his affidavit was intended to show this, and the appeal has been argued and should be decided on that assumption. The material facts may, I think, be deemed uncontroverted, for the only semblance of an issue of fact arises on the appellant's bald statement that his position was not abolished owing to the reduction in the appro-priation for the department, and that this was resorted to as a subterfuge, which is denied by the respondent, who shows that the appropriation was insufficient for the retention of all of the factory inspectors.

Section 18 of the Labor Law of 1921, as added by chapter 50 of the Laws of 1921, provided that the Commissioner might transfer officers or employees from their positions to other positions in the department, " or abolish or consolidate such positions," and might " remove from office any officer or employee in the department; " but the Legislature at the same session by chapter 642 amended the section to read as follows: " The Commissioner, *notwithstanding the provisions of any other general or special law, saving and excepting*

*the provisions of section twenty-two of the Civil Service Law,* may transfer officers or employees from their positions to other positions in the department, or abolish or consolidate such positions and may remove any officer or employee in the department."

In the above quotation I have italicised the provisions added by the amendment. Counsel for respondent contends that the amendment is to be construed strictly, and that the exception is confined to the provisions of section 22 of the Civil Service Law (as amd. by Laws of 1910, chap. 264, and Laws of 1920, chap. 833), and that, therefore, the appellant's rights have not been disregarded, for section 22, in so far as it has any bearing on the point now under discussion, merely protected him against removal except for incompetency or misconduct shown after a hearing on due notice and upon stated charges, while *the position remained* in existence, and where, as here, the position became unnecessary or was abolished for reasons of economy or otherwise, it only protected him from discharge, provided there was a vacancy in a position he was fitted to fill, to which he could be transferred and receive the same compensation. Although in terms the statute forbids *the discharge* from the service of an honorably-discharged soldier, where the position becomes unnecessary or is abolished for reasons of economy or otherwise, and requires that he shall be transferred " to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor," and it is made the duty of all persons clothed with power of appointment to make such transfer effective, it has been authoritatively held that the honorably-discharged soldier, whose position has been abolished lawfully, is not entitled to be so transferred unless there is a vacancy to which he can be appointed. (*Matter of Breckenridge,* 160 N. Y. 103; *Matter of Edkins* v. *Wotherspoon,* 173 App. Div. 330; *Matter of Powers* v. *Dahl,* Id. 501, dissenting opinion of COCHRANE, J., on which the decision was reversed, 219 N. Y. 578.) But if there had been a vacancy in the position of factory inspector, respondent would have had no right to terminate the services of the appellant, and it would have been his duty, expressly enjoined by section 22, to transfer appellant thereto. The number of these positions existing at the time is not shown by the record, but it is to be inferred that there were a great many precisely similar positions. It is perfectly clear that the Legislature intended, at least, to preserve all of the appellant's rights as an honorably-discharged soldier accorded to him by the provisions of section 22 of the Civil Service Law. Although the statute does not in express terms give honorably-discharged

43

soldiers a preference with respect to retention, where positions are abolished, it is I think plainly a violation of his implied rights conferred by the statute to single him out and abolish his position, which is precisely the same as that of many others, and to retain some who are not classified with him concerning their rights to be transferred to other positions, and dismiss him; and, if that were allowed, his statutory protection against removal without charges and a hearing, and against being discharged, and his statutory rights to be so transferred could readily be circumvented. I think the Legislature did not intend thus indirectly to authorize the respondent to review the fitness and competency of the appellant as compared to the other employees holding like positions, and on the theory of his unfitness or incompetency as compared to the others, to authorize the abolition of his position, while others not so protected against discharge and not entitled to be so transferred were retained; and that; therefore, there was no authority to abolish his position and discharge him, until after the positions of all others not so protected against being discharged and not so entitled to be transferred, were abolished. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *Matter of Powers* v. *Dahl*, dissenting opinion of COCHRANE, J., 173 App. Div. 505, on which the decision was reversed, 219 N. Y. 578.)

It follows that the order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

DOWLING, PAGE, MERRELL and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.