In the Matter of FRANK J. CLANCY, Respondent, against
JOHN J. HALLERAN, as Commissioner of Public Works
of the City of New York, Borough of Queens, et al.,
Appellants.

(Submitted December 5, 1933; decided January 9, 1934.)

*Arthur J. W. Hilly*, Corporation Counsel (*J. Joseph Lilly*, *Henry J. Shields* and *Thomas W. A. Crowe* of counsel), for appellants. The petitioner's situation is controlled by section 31 of the Civil Service Law (Cons. Laws, ch. 7). There are no vacant positions in the municipal civil service to which the petitioner could be appointed. (*Matter of Schaefer* v. *Rathmann*, 237 App. Div. 491; 262 N. Y. 40; *Matter of Koso* v. *Greene*, 260 N. Y. 491; *Matter of Stutzbach* v. *Coler*, 168 N. Y. 416.)

*Louis Fieldman* and *George J. Gruenberg* for respondent. Section 6 of article V of the Constitution of the State of New York and section 21 of the Civil Service Law grant a disabled war veteran preference in retention of employment. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *People ex rel. Davison* v. *Williams*, 213 N. Y. 130; *Matter of Warner* v. *Hall*, 141 Misc. Rep. 294; *Pratt* v. *Phelan*, 73 N. Y. Supp. 823; *Matter of Seeley* v. *Stevens*, 190 N. Y. 158.)

CRANE, J. On May 1, 1930, Frank Clancy was appointed by the President of the borough of Queens to the position of inspector of regulating, grading and paving, grade III, in the department of public works, borough of Queens, city of New York, at the annual salary of $2,400. He entered upon the performance of his duties, continuing until March 10, 1932, when the position was abolished in the interests of economy. The notice sent to him stated: " In consequence of lack of work and lack of appropriation your services as Inspector of Regulating, Grading and Paving are no longer required and are, therefore, terminated at the close of business March 10, 1932." Sixteen other inspectors receiving the same or higher salaries, and appointed, some before, and some

after, Clancy's appointment, were also removed for like cause, and the Civil Service Commission of the city of New York notified that their services were terminated, due to the lack of work and lack of appropriation. Clancy was notified by the Civil Service Commission that his name had thereupon been laced upon the appropriate preferred eligible list.

Claiming to be a disabled war veteran with the benefits of such under the Civil Service Law (Cons. Laws, ch. 7), the petitioner brought this proceeding to be reinstated and taken back into the department, although there be no work, no appropriation and no position for him to fill. I say no position, because the relator in his moving papers has failed to show that there is any vacant position in the department which he can fill, and insists that he be restored as an inspector in his old position, even if older men in point of service, not veterans, must be removed to make way for him.

The so-called " Veterans Acts," which rightly give preference in appointment and in retention to those who have faithfully served their country, do not carry the privilege to this extent. If positions are to be abolished, the veteran must be the last one, of those selected, to go, and even then, if there be another vacant place in the department which he can fill, he must be given it. Otherwise, his name goes upon a preferred list from which appointment will be made to fill the next vacancy. This is the sum and substance of the civil service provisions relating to veterans. Never could it have been the intention of those interested in the welfare of the war veteran that he should be kept when money gave out, and positions were abolished, by the removal of all others not veterans, longer in the service of the city or State. By this process we can imagine a situation where none would be left in the municipal service but disabled war veterans. If this be the intention of the Legislature, it should be clearly expressed, especially in view of the decisions of this court construing the Civil Service Law to the contrary.

Section 21 of the Civil Service Law reads: " In every public department and upon all public works of the state of New York and of the cities, counties, towns and villages thereof, any honorably discharged soldiers, sailors, marines or nurses of the army, navy or marine corps of the United States disabled in the actual performance of duty in any war, to an extent recognized by the United States veterans' bureau, * * * shall be entitled to preference in appointment and promotion without regard to their standing on any list from which such appointment or promotion may be made," and so forth.

Section 22 relates to the removal of veterans, and includes others than those specified in section 21, by taking in the volunteer firemen. No removal of these men from any position can be made except for incompetency or misconduct shown after a hearing upon due notice and upon stated charges. This assumes, of course, that the position is to continue. If, however, the place or position becomes unnecessary or is abolished for reasons of economy or otherwise, then " the said honorably discharged soldier, sailor or marine or volunteer fireman holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective."

The Civil Service Law was adopted in 1899, wherein section 21, above referred to, was substantially section 20. By the Laws of 1919, chapter 251 (subsequently amended), section 31 was added to the Civil Service Law to make provision for those employees whose positions had been abolished. So far as material it reads: " Any person who while holding a position in the competitive class under the civil service law or rules, has been separated from the service through the abolition of a department * * * or whose position is abolished or made unnec-

essary * * * shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall be entitled to have his name entered upon a preferred list."

Upon such a preferred list, pursuant to this section, the municipal Civil Service Commission placed Clancy's name after the abolition of his office, as heretofore stated.

Intrepreting or enforcing the language of the above section, this court has held that, although the Civil Service Law (§ 22) requires a veteran employee to be transferred for duty in such position as he may be fitted to fill, there must be another position vacant to entitle him to a transfer. A public official is not obliged to discharge other employees in order to open a position for a veteran. (*Matter of Breckenridge,* 160 N. Y. 103, 108; *Matter of Stutzbach* v. *Coler,* 168 N. Y. 416; *Matter of Seeley* v. *Stevens,* 190 N. Y. 158; *People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *Matter of Devins,* 233 N. Y. 690.)

The burden of proving that another position exists, to which he can be transferred, and that he is able to fill it, rests upon the veteran. (*Matter of Jones* v. *Willcox,* 80 App. Div. 167.)

*Matter of Breckenridge* (*supra*) related to an abolished position in the Bureau of the Fire Marshal of the city of New York. The " Veterans Act " controlling was chapter 184 of the Laws of 1898, being the same provision, in substance, now embodied in section 22 of the Civil Service Law, above quoted. This court said, regarding the removed veteran's claim to continuance in some other position, " If the petitioner demands that he be transferred to some branch of the public service other than that of the Fire Department, manifestly, the respondent cannot comply with it. But, if he demands that he be retained by the respondent to perform similar duties, he has failed to show that any position exists, which he might fill, and where the compensation is the same. Indeed, his counsel

puts his case for him very frankly, when he says, ' The respondent is bound to make a place for the appellant, even if it should be necessary to dismiss from the service others, who are not protected under the veteran acts.' That is a view, which I think we should not take of this act. I do not think we should impute to the legislature the absurdity of intending to saddle an unnecessary office-holder upon the city; or the injustice of intending that some faithful and, possibly, more efficient officer, who happens not to be a veteran, must be discharged to make room for the incumbent of the abolished office. The legislative intent was to secure the retention in the public service of the veteran, who was thrown out of office by its abolition, ' in such position as he may be fitted to fill, receiving the same compensation therefor;' which seems, necessarily, to imply that a vacancy in such a position must exist."

The language in *Matter of Stutzbach* v. *Coler (supra)* might in some parts be broad enough to justify the petitioner's claim, yet the reference to the *Breckenridge* case indicates that the rule there laid down was not intended to be limited or modified.

Likewise, in *People ex rel. Davison* v. *Williams (supra)*, the *Breckenridge* case was quoted and followed, while, as late as 1922, in *Matter of Devins (supra)*, the law of the *Breckenridge* case was applied to the position of factory inspector in the office of the Industrial Commissioner of the Department of Labor.

To summarize, we conclude that Mr. Clancy, a disabled war veteran, having been suspended because his position as inspector of grading and paving was abolished for lack of work and appropriation, was entitled to have his name placed upon the preferred list, created pursuant to section 31 of the Civil Service Law. This was done; so in this particular he can have no complaint. As he seeks reinstatement, however, under section 22 of the Civil Service Law, claiming that there is another position which he is

able to fill, existing in the department, his application must be denied, as he fails to show the existence of any such position, the salary connected therewith, or that there is a position such as he can fill. The whole theory of his application and the purport of his petition is, that men, older in service, not veterans, must be removed to make place for him.

For the reasons here stated, the order of the Appellate Division and that of the Special Term should be reversed, and the petition for an order of mandamus denied, with costs in all courts.

POUND, Ch. J., LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Ordered accordingly.