In the Matter of the Application of Edward J. Meehan, Appellant, for a Mandamus Order against Frederick Stuart Greene, Superintendent of Public Works of the State of New York, William Gorham Rice and Others, Civil Service Commissioners of the State of New York, and Morris S. Tremaine, Comptroller of the State of New York, Respondents.— This is an appeal by the petitioner from an order of the Special Term of the Supreme Court dated December 15, 1936, and entered in the Albany county clerk's office on the same day, denying petitioner's application for a peremptory order of mandamus directing his reinstatement to the position of specification writer in the Division of Architecture, Department of Public Works of the State of New York. The petitioner's application was made on the ground that he was a disabled United States World war veteran and that he was, therefore, entitled to a preference in retention as against an employee in the same position who had been appointed pursuant to the same civil service examination, but whose appointment antedated that of petitioner. The petition shows that on October 4, 1930, petitioner and one Warren A. Rooke both took a civil service examination for the position of specification writer in the Division of Architecture, Department of Public Works, and that although petitioner stood higher on the list which resulted from this examination than did Rooke, Rooke was appointed to the position on December 16, 1930, while petitioner

was not appointed until February 2, 1931. Petitioner was suspended from the position on June 30, 1934, while Rooke was retained in the service. The petition further shows that petitioner served in the United States navy during the World war and was honorably discharged therefrom on March 1, 1931, on account of a disability which he had suffered in the actual service in the World war in the performance of duty and that his disability has been recognized by the United States Veterans' Bureau. The answering affidavits show that petitioner was never granted a disabled veteran's preference by the Civil Service Commission of the State and that such preference was actually denied him in 1930 when he took the examination and again in 1932 when he made another application for the preference and that petitioner has himself rated his physical disability from the service at less than ten per cent. The court below denied the application on the ground that suspension must be made in the inverse order of the original appointment pursuant to section 31 of the Civil Service Law, and that whether petitioner was at the time of suspension a disabled veteran was immaterial. Order unanimously affirmed, with fifty dollars costs and disbursements. (See *Matter of Clancy* v. *Halleran*, 263 N. Y. 258; *Wolf* v. *Delaney*, 266 id. 262.) Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.