In the Matter of the Application of WILLIAM J. McNAMARA, Respondent, Appellant, against THOMAS L. HOLLING, Mayor of the City of Buffalo, and Others, Appellants, Respondents.

Fourth Department, June 28, 1939.

*Bart J. Shanahan, Assistant Corporation Counsel,* for the appellants, respondents.

*Eugene V. Hanavan* [*Erma R. Hallett* with him on the brief], for the petitioner, respondent.

LEWIS, J.   The petitioner, an honorably discharged soldier of the World war, was employed by the city of Buffalo for more than twenty-five years as senior inspector in the bureau of weights and measures, which position is in the competitive class of civil

service. On April 26, 1938, while serving as such inspector at an annual salary of $2,250, he was appointed by the mayor to the position of deputy city sealer at an annual salary of $2,600 — a position which was classified in salary group " grade 6 " under a local civil service rule. On June 30, 1938, the position of deputy city sealer was abolished at a time when no vacancy existed in a position of the same class and salary grade to which the petitioner could be transferred.

Thereafter, on August 2, October 6 and October 10, 1938, three successive vacancies occurred in the positions of assistant deputy assessor to each of which there attached an annual salary of $2,760 (grade 6). The appellants concede that the duties of an assistant deputy assessor are the same as those of the position of deputy assessor for which the petitioner had passed a civil service examination in 1927, and as a result of which he had been certified upon an eligible list which had expired in 1931.

Prior to the existence of the first of the three vacancies mentioned above in the position of assistant deputy assessor, and subsequent to the abolition of his former position of deputy city sealer, the petitioner gave written notice to the mayor, the board of assessors and the municipal civil service commission as follows:

" This is to inform you that pursuant to Section 22 of the Civil Service Law, as an honorably discharged soldier, having held the Civil Service Competitive position of Senior Inspector of Weights & Measures for twenty-six (26) years, and the Civil Service Competitive position of Deputy Sealer of Weights & Measures, for Five (5) months, said position having been abolished June 30th, 1938 by Act of the Common Council, I hereby demand that I be reinstated as Deputy Sealer of Weights & Measures, or that I be transferred or appointed to the position of Assistant Deputy Assessor, having passed a Competitive examination for said position, and said position being at the time vacant and in the same bracket as Deputy Sealer of Weights and Measures.

" Failure to hear from you within Three (3) days will be construed as a denial of this demand."

Despite this notice given by the petitioner, he failed of appointment to the first vacancy which existed on August 2, 1938. Thereafter, on October 20, 1938 — ten days after the second and third vacancies had occurred and seven weeks before either of those vacancies was filled — the petitioner sent a letter to the municipal civil service commission, following a conference with the commission upon the matter, by which letter he gave notice that he had previously passed a civil service examination upon which he had been rated as qualified for the position of deputy assessor and that,

being an honorably-discharged soldier and thus entitled to the rights accorded by subdivision 1 of section 22 of the Civil Service Law, he was entitled to appointment to one of the two vacancies then existing in the position of assistant deputy assessor. Failing, however, to secure an appointment to either vacancy, the petitioner instituted the present proceeding under article 78 of the Civil Practice Act to compel the respondents to appoint him to the position of assistant deputy assessor.

It is the petitioner's claim that having proved himself qualified in 1927 for the position of deputy assessor, the duties of which are the same as those of the position to which he now seeks appointment, and although no vacancy existed in the latter position or any other to which he could legally have been transferred immediately upon the abolition of the position of deputy city sealer, he was entitled as an honorably-discharged soldier, under the provisions of subdivision 1 of section 22 of the Civil Service Law, to appointment to one of the three vacancies existing in August and October, 1938, in the position of assistant deputy assessor.

The respondents assert that as no vacancy existed in a position of the same salary group and grade on June 30, 1938, when the position of deputy city sealer last held by the petitioner was abolished, his rights as an honorably-discharged soldier under subdivision 1 of section 22 of the Civil Service Law then terminated and that thereafter he was entitled only to placement upon the preferential list created pursuant to section 31 of the Civil Service Law. (Added by Laws of 1919, chap. 251 and last amd. by Laws of 1936, chap. 562.)

So far as material to our present inquiry section 31 provides: " Any person who while holding a position in the competitive class under the Civil Service Law or rules, * * * whose position is abolished * * * shall be deemed to be suspended without pay, which suspension shall be made in the inverse order of original appointment in the service, and shall have his name entered upon a preferred list for * * * any other position having the same or similar requirements for entrance."

It may be conceded that when the petitioner's position as deputy city sealer was abolished on June 30, 1938, he was thereupon deemed to be suspended without pay and that his name should have been entered upon the preferred list as provided in section 31. We do not believe, however, that the preference thus accorded him by section 31 defeated the preference to which he was entitled under subdivision 1 of section 22 as an honorably-discharged soldier. (*Matter of Wolf* v. *Delaney*, 266 N. Y. 262, 264.)

Subdivision 1 of section 22 provides in part: " If the position so held by any such honorably discharged soldier * * * shall

* * * be abolished * * * the said honorably discharged soldier * * * holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective." The rule is well established that " There must be a vacancy or there can be no transference." (*Matter of Edkins* v. *Wotherspoon,* 173 App. Div. 330, 333.) But the statutory preference accorded the petitioner by subdivision 1 of section 22 was not lost because a vacancy was not immediately available and more than a month elapsed between the abolition of his position as deputy city sealer and the existence of a vacancy in a position which he was fitted to fill. (*Matter of Nitshke* v. *Kern,* 278 N. Y. 726.)

Having invoked the provisions of subdivision 1 of section 22, quoted in part above, " The burden of proving that another position exists, to which he can be transferred, and that he is able to fill it, rests upon the veteran." (*Matter of Clancy* v. *Halleran,* 263 N. Y. 258, 262.) Accordingly, when vacancies occurred in August and October, 1938, in the three positions of assistant deputy assessor — positions in a salary group and grade the same as deputy city sealer — it was required of the petitioner, as a prerequisite to appointment to any one of such vacancies, that he prove himself " fitted to fill " that position. (*Matter of Clancy* v. *Halleran, supra,* pp. 263, 264.) We find that requirement satisfied by the respondents' concession that following a civil service examination in 1927 the petitioner's name was certified upon an appropriate list of those eligible for appointment to the position of deputy assessor, which list expired in 1931 before the petitioner received such an appointment. (See *Matter of Nitshke* v. *Kern, supra,* pp. 727, 728.)

In view of an absence of sufficient record proof to afford a legal basis for our determination of the petitioner's claim to back pay (Civ. Serv. Law, § 23, as amd. by Laws of 1935, chap. 734), we do not pass upon his alleged rights in that regard.

The order entered herein on February 10, 1939, directing the respondents forthwith to certify and appoint the petitioner to the position of assistant deputy assessor of the city of Buffalo as of August 2, 1939, should be modified by changing the date of the appointment thus ordered from the 2d day of August, 1939, to the 2d day of August, 1938, and, as thus modified, affirmed, with costs. to the petitioner, respondent. The order of January 31, 1939, should be affirmed, without costs. The appeal from the order of January 17, 1939, should be dismissed, without costs, in view of the superseding order of January 31, 1939.

All concur. Present — SEARS, P. J., LEWIS, CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order of February 10, 1939, modified by changing the date in the last lines of the ordering paragraph from 2d day of August, 1939, to 2d day of August, 1938, and as modified affirmed, with costs to the petitioner, respondent. Order of January 31, 1939, affirmed, without costs. Appeal from order of January 17, 1939, dismissed, without costs, as academic in view of the superseding order of January 31, 1939. (See 257 App. Div. 1100.)