In the Matter of the Application of RALPH W. BEMIS, Petitioner, against BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1 OF THE VILLAGE OF ILION, NEW YORK, and EARL P. WATKIN, Clerk Thereof, and Superintendent of Schools, Respondents.

Supreme Court, Herkimer County, August 16, 1939.

*Fred J. O'Donnell*, for the petitioner.

*Winslow & Bennison*, for the respondents.

CREGG, J.   On April 12, 1938, the board of education of union free school district No. 1 of the village of Ilion, Herkimer county, appointed the petitioner herein for the probationary period of three years to the position of supervisor and teacher of physical education.   He is an honorably-discharged soldier of the World war.   The school district has more than 4,500 inhabitants, so that such appointment was made pursuant to section 312-a of the Education Law.   In April, 1939, the respondents notified petitioner that his services were to be discontinued and his dismissal would become effective in June, 1939.   No charges of any kind were

ever preferred against petitioner by said board of education and no hearing was accorded to him.

Subdivision 1 of section 22 of the Civil Service Law, under the heading " Removal of veterans and volunteer firemen," so far as applicable, reads as follows: " No person holding a position by appointment or employment in the State of New York, or in the several cities, counties, towns or villages thereof, or in the public school service, who is an honorably discharged soldier, * * * in the World war * * * shall be removed from such position except for incompetency or misconduct shown after a hearing upon due notice upon stated charges, and with the right to such employee or appointee to a review by certiorari."

Section 312-a of the Education Law provides in substance, in the latter part of subdivision 1, that a supervisor appointed for a probationary period may be dismissed at any time upon the recommendation of the superintendent of schools.

It will be noted that the Education Law makes no mention of charges or a hearing in the case of a veteran holding a probationary appointment, but does provide that a supervisor, having acquired a permanent position after the probation period, can only be removed on charges.

This is an application for an order in the nature of mandamus. Respondents claim that petitioner's remedy is by an appeal to the Department of Education. A decision in this case involves the interpretation and meaning of section 22 of the Civil Service Law, and whether or not it conflicts with section 312-a of the Education Law in so far as teachers and supervisors who are honorably-discharged soldiers are concerned. If section 22 of the Civil Service Law applies, this proceeding is proper. The first sentence of section 22 of the Civil Service Law reads as follows: " Every person whose rights may be in any way prejudiced contrary to any of the provisions of this section shall be entitled to a writ of mandamus to remedy the wrong." Section 9 of the Civil Service Law provides that superintendents, principals and teachers in public schools are in the unclassified service. After the division of the civil service into the unclassified service and the classified service both remained a part of the " civil service," subject to the constitutional command that appointments be made according to merit and fitness. (*Matter of Carrow* v. *Board of Education*, 272 N. Y. 341.)

The word " holding " in the statute includes a probationary period as well as a permanent one. (*People ex rel. Zieger* v. *Whitehead,* 99 Misc. 578.) In that case the court said (at p. 581): " ' While the primary purpose of the law is to secure efficient service, yet the probationary appointee is thereby secured an experimental trial for the period prescribed by the law or the rules

made in pursuance of the law, and he is not to be condemned pending trial before the time, given him to show his fitness, has expired; except after an opportunity to explain.' "

A probationary appointee, who is an honorably-discharged soldier, is entitled to protection in his position during the probationary term, so that he may show his fitness for permanent appointment during the entire probationary period unless removed after charges preferred and opportunity to be heard. The Civil Service Law grants to him special privileges and preferential employment.

In my judgment there is no conflict between section 312-a of the Education Law and section 22 of the Civil Service Law. The Legislature, in enacting section 22 of the Civil Service Law, did not take away from the board of education the power to suspend or remove a teacher or supervisor who was an honorably-discharged soldier and appointed for a probationary period. It simply regulated the mode and manner of removal and provided that charges must be preferred against a veteran and that he should have the right to be heard before removal. (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158, 162.) This the Legislature had a right to do. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416.) Judge CRANE, writing the opinion for the court in *Matter of Clancy* v. *Halleran* (263 N. Y. 258), said (at p. 261): " No removal of these men from *any position* can be made except for incompetency or misconduct shown after a hearing upon due notice and upon stated charges." (Italics ours.)

The case of *Matter of Carter* v. *Kalamejski* (255 App. Div. 694 [4th Dept.]; affd., 280 N. Y. 803), cited by respondents, is not applicable to the facts in the instant case. In that case none of the petitioners were honorably-discharged soldiers and section 22 of the Civil Service Law was not involved. The question there was whether or not the board of education could require teachers in the union schools to serve a probationary period pursuant to section 312-a of the Education Law before receiving permanent appointments. Presiding Justice SEARS, writing the opinion for the court, said (at p. 700): " Employment under a contract is employment for a definite time and does not necessarily contemplate a renewal; employment for a probationary period under this section [meaning Education Law, § 312-a], looks to qualification for permanence. It is perfectly reasonable to require that all shall have undergone such probation." In my opinion petitioner in the instant case was entitled to a hearing upon charges preferred before removal. He was not given that opportunity.

Peremptory order in the nature of mandamus may be entered directing petitioner's reinstatement.