In the Matter of the Application of PAUL E. LANGE and Others, Petitioners, for an Order against JOSEPH D. McGOLDRICK, Comptroller of the City of New York, and Others, Respondents.

Supreme Court, Special Term, New York County, January 29, 1940.

*King & Ryan,* for the petitioners.

*William C. Chanler, Corporation Counsel [William S. Gaud, Jr.,* and *Samuel J. Silverman* of counel], for the respondents.

McLAUGHLIN, J. Prior to May 1, 1929, the Commissioner of Motor Vehicles had charge of the issuance of chauffeurs' and other similar licenses in Queens county. On May 1, 1929, chapter 386 of the Laws of 1929 took effect, which amended section 50 of the Vehicle and Traffic Law so as to make the county clerk of Queens county the statutory agent of the Commissioner of Motor Vehicles. Thereupon, the board of estimate and apportionment, with the prior approval of the board of aldermen, created an entirely new group of positions in the office of the county clerk for the purpose of doing the work involved in connection with the issuance of licenses and other similar work. Appropriations were made for the payment of the salaries of the new positions and the budget for 1929 was modified so as to make the changes effective. From May 1, 1929, to September 1, 1939, the county clerk collected and paid over to the city treasurer the statutory fees for performing his duties as agent of the Commissioner of Motor Vehicles. The fees far exceeded the appropriations which the city had made for the payment of additional employees. On September 1, 1939, chapter 562 of the Laws of 1939 took effect (repealed and re-enacted by Laws of 1939, chap. 934, in effect September 1, 1939). This statute took away from the county clerk his duties as statutory agent for the Commissioner of Motor Vehicles and returned them to the latter. The motor vehicle division of the county clerk's office was left without any further duties to perform as of September 1, 1939, and the revenue which the city had received as a result of the activities of said division ceased. An investigation made by the budget director revealed that the positions in the motor vehicle division were no longer necessary and he accordingly recommended to the board of estimate on November 30, 1939, that twenty-one positions in the county clerk's office be abolished pursuant to section 68 of the New York City Charter. The board of estimate thereupon adopted a resolution abolishing a number of positions and eliminating from the 1939–1940 budget the appropriations for the abolished positions. There is no question that the city acted in good faith when it abolished these positions after the action of the Legislature.

The petitioners contend that section 68 of the present charter empowers the board of estimate to abolish positions only when it adopts a budget. Although the case of *Matter of Rushford* v. *LaGuardia* (280 N. Y. 217) contains language tending to support the petitioners' contention, that case did not actually involve the

power of the board of estimate to abolish positions but merely held that salaries fixed in the budget could not be reduced within the period for which they had been fixed.

This court can find no legal basis upon which this motion may be granted. A holding in favor of the petitioners would result in the retention on the public payroll of superfluous and unnecessary employees. The language of Judge CRANE in *Matter of Clancy* v. *Halleran* (263 N. Y. 258, 263) is strikingly appropriate here: " I do not think we should impute to the Legislature the absurdity of intending to saddle an unnecessary officeholder upon the city."

There is no doubt that if new positions were necessary the board of estimate could modify the existing budget just as it did in 1929, so as to make appropriations for any positions created after the adoption of the budget. So, too, it may modify the existing 1939–1940 budget by eliminating appropriations for positions which have been rendered unnecessary as the result of legislation enacted subsequent to the adoption of the budget.

The motion is denied.