### (January 8, 1941.)

In the Matter of the Application of BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant, for an Order under Article 78 of the Civil Practice Act to Review the Decisions of ERNEST E. COLE, as Commissioner of Education of the State of New York, Respondent, Directing the BOARD OF EDUCATION OF THE CITY OF NEW YORK to Fill the Vacancy in the Position of Chief Attendance Officer and to Appoint to the Said Position FRANK A. CRAIG, Respondent.

Hill, P. J., Crapser, Heffernan and Foster, JJ., concur; Bliss, J., dissents, in a memorandum.

BLISS, J. (dissenting). The determination of the State Commissioner of Education orders the board of education of the city of New York to appoint Frank A. Craig chief attendance officer in the bureau of compulsory education, school census and child welfare. Section 871-a of the Education Law creates the bureau and provides that appointments to it shall be made upon the nomination of the board of superintendents from the incumbents of supervisory positions of lower grades. Subdivision 2 of section 868 of the Education Law makes the board of education the appointing power. As to certain other offices section 871-a provides that appointments thereto shall be made from eligible lists prepared in the same manner and by the same authority as are eligible lists for teachers.

I do not interpret these statutory provisions to mean that the appointment by the board of education is a mere ministerial act and that the board must appoint any one who may be nominated by the board of superintendents. A choice rests with the board of education and it is not bound to accept any nominee of the board of superintendents. A nomination is merely a proposal for an appointment and is not ordinarily equivalent to an appointment to an office. The power of appointment rests with the board of education. This board is not a mere rubber stamp for the nominee of the board of superintendents. The fact that the board of superintendents only nominates indicates that some choice still remains in the appointing power.

Nor do I see any reason, and surely the record presents none, why the civil service provision of the State Constitution (Art. V, § 6) does not apply. No proof is produced to show that the office cannot be filled by competitive examination. The fact that the office is to be filled by promotion does not affect this situation.

The respondent Commissioner of Education urges that his construction of the statutes is final unless arbitrary. He contends that if the statute is ambiguous and susceptible to the construction which he places upon it, then his construction is not arbitrary and, therefore, not subject to review. I cannot accept this view. The interpretation of a statute is a matter of law and the action of an administrative official in this regard is not to be treated the same as the decision of a question of fact. His decision is no less illegal because based upon a possible construction of a doubtful statute if such construction is erroneous. The meaning of a statute

is for the courts to determine and is not a matter of finality with an administrative agency.

Finally, it cannot be that the board of education must appoint an officer whose services are unnecessary. (*Matter of Clancy* v. *Halleran*, 263 N. Y. 258.)

For these reasons I dissent and vote to annul.