In the Matter of JOSEPH A. O'DONNELL, Respondent, against FRANCIS J. SINNOTT, as Clerk of the County of Kings, et al., Appellants, et al., Defendants.

First Department, May 21, 1943.

*Frederick L. Kopff* for County Clerk, appellant.

*Charles F. Murphy* of counsel (*Paxton Blair* and *Charlotte Orr* with him on the brief; *Thomas D. Thacher, Corporation Counsel*), for Comptroller and Treasurer, appellants.

*Irving H. Saypol* of counsel (*Leo Kotler* with him on the brief; *Saypol & Kotler,* attorneys), for respondent.

*Per Curiam.* Petitioner is a war veteran, but not a disabled veteran. He held a position as laborer in the office of the clerk of Kings County. Having been appointed without competitive examination, he was in the exempt class (Civil Service Law § 13, subd. 4). He was one of three exempt laborers, each of whom received a salary of $1,900 a year. The appropriating body eliminated one of these positions by reducing the number of laborers provided for at $1,900 from three to two. The two incumbents other than petitioner were nonveterans and junior in point of service to petitioner. The question presented is whether the County Clerk was required by law to keep petitioner and let one of the other incumbents go, instead of acting as he did in letting petitioner go, and retaining the other two.

Section 31 of the Civil Service Law, which provides in substance that removals must be in the inverse order of appointment, has no application to the present situation, for the reason that it is limited to employees in the competitive class.

Petitioner claims, however, that his retention was required by reason of the provisions of section 22 of the Civil Service Law. That section first provides for the right of war veterans and volunteer firemen to a hearing on charges before dismissal. Such provisions have no relation to a situation like the present where there is no dismissal, but removal for reasons of economy.

Section 22, however, contains the following additional provisions: " If the position so held by any such honorably discharged soldier * * * or exempt volunteer firemen shall become unnecessary or be abolished for reasons of economy or otherwise, the said honorably discharged soldier * * * or exempt volunteer fireman holding the same shall not be discharged from the public service but shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective.''

There is no claim that any vacancy exists to which petitioner might be transferred. His claim is that he was entitled to preference in retention over nonveterans because such right is to be implied under section 22 of the Civil Service Law.

This court held in *Matter of Devins* v. *Sayer* (200 App. Div. 669) that a veteran had the implied right of preference in retention over nonveterans under section 22 of the Civil Service Law where some but not all positions of a class were abolished for reasons of economy. Our holding was reversed

in the Court of Appeals in 233 N. Y. 690, on authority of *People ex rel. Davison* v. *Williams* (213 N. Y. 130).

The *Davison* case involved the rights of a volunteer fireman who had the same degree of statutory preference under the Civil Service Law held by a veteran. Concerning the extent of such right the Court of Appeals said: " We find nothing in the statute by which it became the commissioner's duty, in determining what positions he would abolish, to select in the first instance positions occupied by persons. other than volunteer firemen. * * * But where a reduction of employees becomes necessary, the statute does not require that a fireman's position shall be continued, and that the positions of others not firemen shall be terminated. To make out the right to such a preference, an employee must be able to put his finger upon the precise provision of the statute which secures it to him. This the relator cannot do."

Under the present statutory scheme, veterans who are not disabled have no right of preference in appointment under section 21 of the Civil Service Law. They would appear to receive no greater implied rights, therefore, under section 22 than did the volunteer fireman involved in the *Davison* case (*supra*).

Special Term in granting petitioner's demand for reinstatement relied largely on a statement contained in the opinion of the Court of Appeals in *Matter of Clancy* v. *Halleran* (263 N. Y. 258) to the effect that, if positions are abolished for reasons of economy, the veteran must be the last one to go. In the light of the facts involved and the earlier rulings above referred to it is our view that that statement is not controlling here. In the *Clancy* case, the employee was a disabled veteran. As such, he had preference in appointment which was a right continuing during his entire term of service, thus affording him a preference in retention. (*Matter of Stutzbach* v. *Coler*, 168 N. Y. 416; *People ex rel. Davison* v. *Williams, supra.*) As we have pointed out, under the present statutory provisions, no right of preference in appointment or retention is afforded those other than disabled veterans. Therefore, one situated as is petitioner would seem to be without any such right. We can find no basis under the present Civil Service Law or Rules for the Classified Civil Service for the order appealed from.

The order should be reversed, with twenty dollars costs and disbursements, and the motion denied.

TOWNLEY, UNTERMYER, DORE and CALLAHAN, JJ., concur; MARTIN, P. J., dissents.

Order reversed, with twenty dollars costs and disbursements, and motion denied.