In the Matter of the Application of PASQUALE DEFEO, Appellant, for an Order of Mandamus against WILLIAM W. CHADSEY, as Superintendent of Schenectady County Highway Department, and Others, Respondents.

Third Department, June 22, 1938.

*Alexander Grasso* [*George B. Smith* of counsel], for the appellant.

*Walter S. McNab, County Attorney*, for the respondents.

BLISS, J. Section 22 of the Civil Service Law of the State of New York provides that if the position held by an honorably discharged soldier, sailor or marine shall be abolished, the incumbent shall not be discharged but shall be transferred to any branch of the service for duty in such position as he may be fitted to fill, receiving the same compensation therefor, and it is made the duty of all persons clothed with power of appointment to make such transfer effective. This appellant is an honorably discharged World War veteran. In November, 1935, he held the position of chauffeur-mechanic in the highway department of Schenectady

county at an annual salary of $2,000, which position was in the classified civil service of the county. On November 30, 1935, the position was abolished. Upon appellant's application for an order of mandamus requiring the respondents to transfer him to the position of foreman, which was created in the 1936 budget of the county of Schenectady, or any other position paying the same salary which he was fitted to fill, an alternative order of mandamus was granted and a jury trial of the issues of fact has been had. Upon this trial one of the questions submitted to the jury was whether appellant was qualified to fill the position of overseer at the county almshouse. The jury answered this question in the appellant's favor. The trial court set aside the verdict of the jury on this question, with the statement the appellant had utterly failed to establish by his evidence that by experience or training of any kind he possessed the qualifications to fit him to fill this position and that this was especially true because of the rather unique character of the duties of such position. The court below did not order a new trial of this issue. It directed judgment for the respondents.

The position of overseer paid $1,800 a year, a salary sufficiently close to that which appellant was receiving in the position which he previously held to be substantially the same. It was created on January 1, 1936, one month after petitioner's position was abolished. Its duties consisted of allotting the sixty inmates at the county almshouse to their tasks of cleaning, kitchen work, waiting on table and farming. In addition the overseer drove patients in an automobile to clinics and other institutions and occasionally would either slaughter a pig or supervise such operation. Appellant is forty-two years of age, married, had a high school education and had worked in a law office while attending high school. After his service in the World War he was employed by the United States government in checking out supplies at the Schenectady depot, later employed by the Delaware and Hudson railroad in charge of the commissary department, where 450 men ate, and he had charge of the men, the sleeping quarters and all of the supplies. He also ran a retail store for the government at one time. In 1923 he was employed by the county of Schenectady in the highway department as a rodman, inspector on road work and later chauffeured for the superintendent of highways. He also took engineers to different roads in the county, reported road conditions, had charge of road machinery, directed the operation of snow-removing machinery, checked and directed the snow-removal forces to see that the men did their work properly, directed the erection of snow fence and sanding and generally inspected and reported on road

conditions and the assignment of the men and saw that the work was properly done. In addition he estimated the amount of materials necessary for repairs.

Upon this proof it is difficult to conceive of an experience or previous training which would have better qualified the appellant for the position of overseer at the county almshouse, and the jury's verdict to the effect that appellant was qualified to fill this position is not only amply sustained by evidence, but a negative answer to that question would have been contrary to the weight of the evidence. The decision of the trial court setting aside the verdict of the jury in this respect and directing judgment for the respondents not only was wholly arbitrary and unsustained by the record, but has resulted in a complete nullification of the provisions of the Civil Service Law protecting this honorably discharged World War veteran.

We are unanimous that appellant's declination of the position of truck driver paying less than $1,510 per year did not separate him from the service and also that the trial court could not properly dismiss the petition with question No. 5 undecided by the jury. But as appellant showed clearly that he was entitled to be placed in the position of overseer of the county almshouse as the jury found, the orders appealed from should be reversed as to such position, the verdict with respect to question No. 4 reinstated and a final order directed in favor of the appellant, awarding him the position of overseer at the county almshouse, with full costs in this court and the court below.

RHODES and HEFFERNAN, JJ., concur; HILL, P. J., dissents, with an opinion in which CRAPSER, J., concurs.

HILL, P. J. (dissenting). This application for an order of mandamus was made, the trial was had and the matter decided prior to the effective date of article 78 of the Civil Practice Act. The petitioner, a veteran of the World War, seeks to obtain the benefits of section 22 of the Civil Service Law. He had been in the employ of the county of Schenectady for about twelve years, and more than ten years before the petition was filed had been appointed " chauffeur-mechanic " in connection with the county highway system at an annual salary of $2,000. On November 27, 1935, he was notified by letter that the position was abolished as of November thirtieth. Under the above-mentioned section the abolition of the office did not separate him from the public service. The section provides that an employee so relieved of duty " shall be transferred to any branch of the said service for duty in such position as he may be fitted to fill, receiving the same compensation therefor,

and it is hereby made the duty of all persons clothed with power of appointment to make such transfer effective." The answer to the petition consists of a return and affidavits verified by certain of the respondents, wherein it is stated that the superintendent of highways of the county tendered to petitioner a position as truck driver in the highway department to begin December 1, 1935, " the same being the only available position for which [petitioner] could qualify." Upon the trial of the issues raised by the answer questions were submitted to the jury as to petitioner's qualifications to fill the following positions which were vacant or became so during the time he was unassigned: (1) Superintendent in charge of county court house and jail buildings; (2) superintendent in charge of county almshouse buildings; (3) deputy commissioner of public welfare; (4) overseer at the county almshouse; (5) foreman under the superintendent of highways of Schenectady county in charge of construction of highways, and (6) the position of operator of motor trucks.

The jury found adversely to the petitioner as to the first three, disagreed as to the 5th, and found him qualified as to 4 and 6.

Petitioner appeals from two orders. The first sets aside the finding of the jury that he was fitted to fill the position of overseer of the county almshouse; the other dismisses the order and petition and the proceedings upon the ground that the jury had found petitioner to be qualified as an operator of motor trucks and that he had refused to accept the position. Compensation as a truck driver is sixty cents an hour, with no certainty that employment will be continuous, but in the event of full-time employment the salary is slightly less than $1,500 a year. Petitioner's previous salary was $2,000. It may not be said as matter of law that the position of truck driver under such working conditions and salary is a position paying substantially " the same compensation " as that which petitioner had prior to November 30, 1935, and that his refusal to accept the offer as proven separated him from the public service. The jury made no determination on the facts as the only question submitted concerning this issue was: " On November 30, 1935, was the plaintiff, Pasquale DeFeo fitted to fill the position of operator of motor vehicles trucks of the county of Schenectady?" The jury's affirmative finding did not purport to determine that it was a position paying the same compensation as that formerly held by petitioner.

The disagreement of the jury as to question 5 and the order setting aside the verdict as to question 4 leave two questions still unanswered, one as to the position of overseer of the almshouse and the other as to the foremanship of county highway construction. The determination by the trial judge that the jury's finding as to

the position of overseer was against the weight of evidence should not be interfered with. A new trial should be had to determine the issues of fact remaining.

The order dismissing the proceedings should be reversed on the law and facts, with costs to the petitioner. The order setting aside the verdict of the jury as to question 4 and granting a new trial should be affirmed, with costs to abide the event.

CRAPSER, J., concurs.

The court reverses upon the law and facts that portion of the order of the Special Term which set aside the verdict of the jury as to question No. 4 and reinstates such verdict as to such question. The court also reverses upon the law and facts the order of the Special Term dismissing the alternative order of mandamus and the petition herein and grants a final order in favor of the appellant against the respondents that appellant be transferred to and awarded the position of overseer at the county almshouse of Schenectady county, with fifty dollars costs and disbursements in this court and the taxable costs and disbursements in the court below.